# UNITED STATES DISTRICT COURT

## DISTRICT OF COLUMBIA

| | |
|---|---|
| NOREX PETROLEUM, LIMITED<br><br>v.<br><br>CHUBB INSURANCE CO. OF CANADA, et al. | SUBPOENA IN A CIVIL CASE<br><br>CASE NUMBER: 1:04-mc-00281-CKK<br>(U.S.D.C. for the District of Columbia)<br>For:<br>CASE NUMBER: 0201 11097<br>(Court of Queen's Bench of Alberta,<br>Judicial District of Calgary, Canada) |

TO: BP-Amoco Corp.
1776 I Street, Suite 1000
Washington, DC 20006

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and specified below (list documents or objects):

See attached Rider

| PLACE<br>Cooper & Kirk, Suite 200, 1500 K Street, N.W., Washington D.C. 20005<br>(202) 220-9600 | DATE AND TIME<br>September 7, 2004<br>at 9:30 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (Indicate if attorney for plaintiff or defendant)<br>Bruce S. Marks, Attorney for Plaintiff | DATE<br>August 24, 2004 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Bruce S. Marks, Marks & Sokolov, 1835 Market St., 28th Floor, Philadelphia, PA 19103  (215) 569-8901

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | 8/26/04 at 2:07 pm | 1776 I Street, NW, Suite 1000 Washington, DC 20006 |

| SERVED ON (print name) | MANNER OF SERVICE |
|---|---|
| Mike Brien, Chief of Staff | Authorized to Accept |

| SERVED BY (print name) | TITLE |
|---|---|
| Brandon Snesko | Private Process Server |

### DECLARATION OF SERVER

I declare under penalty under of perjury under the laws of the United States of America that the foregoing information contained in this Proof of Service is true and correct.

Executed on   8/26/04
              DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER   Capitol Process Services, Inc.
1827 18th Street, NW
Washington, DC 20009
(202) 667-0050

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The Court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises, need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to ¶(d)(2) of this Rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any and all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an Order of the Court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an Order to Compel production. Such Order to Compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3)(A) On timely motion, the Court by which a subpoena was issued shall quash or modify the subpoena if it:

(i) fails to allow reasonable time for compliance;

(ii) requires person who is not party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this Rule, such person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure or privilege or other protected mater and no exception or waiver applies; or,

(iv) subjects a person to undue burden.

(B) If a subpoena:

(i) requires disclosure of a trade secret or other confidential research, development or commercial information;

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party; or,

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the Court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party on whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the Court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications or things not produced that is sufficient to enable the demanding party to contest the claim.

PLEASE TAKE NOTICE that pursuant to the attached Subpoena and Fed. R. Civ. P. 45, BP-Amoco is required to produce and permit inspections of the following documents.

I. **DOCUMENTS TO BE PRODUCED**

All documents which related to allegations that TNK engaged in corruption and bribery of government officials in the Nizhnivartovsk region of Russia and Russia generally, including, but not limited to:

1. All documents related to any bribes which TNK has paid to Russian government officials;

2. All documents related to allegations that TNK corrupted court proceedings concerning the Chernogorneft Oil Company;

3. All documents submitted to the Export-Import Bank related to allegations that TNK engaged in corruption and bribery in the Nizhnivartovsk region of Russia and Russia generally;

4. All documents submitted to the U.S. Department of State related to allegations that TNK engaged in corruption and bribery in the Nizhnivartovsk region of Russia and Russia generally;

5. All documents submitted to the Central Intelligence Agency related to allegations that TNK engaged in corruption and bribery in the Nizhnivartovsk region of Russia and Russia generally;

6. All documents submitted to members of Congress related to allegations that TNK engaged in corruption and bribery in the Nizhnivartovsk region of Russia and Russia generally;

7. All documents submitted to the Russian government related to allegations that TNK engaged in corruption and bribery in the Nizhnivartovsk region of Russia and Russia generally;

8. All documents submitted to British government related to allegations that TNK engaged in corruption and bribery in the Nizhnivartovsk region of Russia and Russia generally;

9. All documents evidencing the value of the Oilfield Equipment, including, but not limited, to documents evidencing the value placed on the Oilfield Equipment by BP-Amoco in regard to its purchase of assets of TNK and Yugraneft;

10. All documents evidencing any insurance of the Oilfield Equipment from 2001 to date;

11. All documents evidencing the ownership, location and use of the Oilfield Equipment from 2001 to date.

**II.        INSTRUCTIONS**

    A.    The attached Subpoena is continuing in nature and any additional documents shall be produced as they become available.

    B.    Words used in the singular number shall include the plural number and vice versa. Gender is to be wholly disregarded, the neuter referring as well to the male as the female and the male referring to the female and the neuter.

    C.    For any requested document which is being withheld on the basis of a claim of privilege, identify the document, and for each such document state:

        1.    Author (s)

        2.    Designated and Intended Recipient (s)

        3.    Person (s) to whom it was circulated

        4.    Date

        5.    Subject Matter

        6.    Privilege Asserted

D. The attached Subpoena shall apply to all documents in the possession of BP-Amoco or any and all of its present and former agents, attorneys, assigns, consultants, employees, or successors.

E. If any document requested by the attached Subpoena is no longer in the possession of or subject to the control of the party upon whom this demand is made, said party shall provide a listing which identifies the present custodian of the document, including in such identification the full name, residence and business address, business affiliation and job title, and states further what and when disposition was made of said document. If all copies of the document have been destroyed, please "identify" the person or persons authorizing the destruction of the document and specify the date of the destruction of the document.

**II.    DEFINITIONS**

1. "Document" or "documents" mean any and all handwritten, typewritten, printed or otherwise recorded matter of whatever character, or graphic material (however produced or reproduced), tapes or other voice recordings, and all other tangible objects including but not limited to booklets, procedures, pamphlets, circulars, notices, periodicals, papers, contracts, agreements, checks, bills, photographs, agendas, receipts, minutes, memoranda, written instructions, letters, expense accounts, messages, appraisals, analyses, reports, plans, evaluations, financial calculations and representations, diary entries, time sheets, calendars, telephone logs, visitor logs, telephone messages slips, correspondence, e-mails, telegrams, press releases, advertisements, notes, handwritten notes, transcripts, surveys, tabulations, working papers, drawings, schedules, tabulations and projections, surveys, studies, graphs, charts, films, videotapes, microfiche, printouts, all other data whether recorded by electronic or any other

means, and including drafts of any of the foregoing and any other data in your possession, custody or control and including all items that are in storage anywhere, of any source of authorship. The definition of "document" also includes information stored in or retrievable from equipment or media that includes desktop PCs or workstations, PCs, workstations, minicomputers, or mainframes used as file servers, application servers, or electronic mail servers, other minicomputers and mainframes, laptop, notebook and other portable computers, whether assigned to individuals or in pools available for shared use, home computers used for work-related purposes, backup disks and tapes, archival disks and tapes, and other forms of off-line storage, whether stored on-site with the computers used to generate them or off-site in another computer facility or by a third party, electronic mail messages, even if available only on backup or archive disks or tapes. If a document was prepared in several copies or if additional copies where thereafter made, and if any such copies were not identical or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including, without limitation, notations on the front or back of any of the pages thereof, then each such non-identical copy is a separate document and must be produced.

2. The words "person" or "persons" mean all individuals and entities including, but not limited to, natural persons, trusts and estates, legal or investment advisors, auditors, directors, employees, trustees, fiduciaries, representatives, delegates, consultants, attorneys, agents, functionaries, or otherwise affiliated individuals, whether serving full-time or part-time, whether paid or unpaid, whether regular or alternate, including any individual having possession, custody or control of documents or information relating to the present law suit.

3. The terms "You," "Your" and "BP-Amoco" includes any and all present and former agents, attorneys, assigns, consultants, employees, or successors.

4. The term "includes" and its other forms means "includes without limitation."

5. The term "referring" or "relating" to means in any way showing, disclosing, advertising, evidencing, constituting, concerning, discussing, evaluating, analyzing, comprising, consisting of, mentioning or revealing either in whole or in part, directly or indirectly.

6. The term "entity" means any existing or predecessor entity, organization, body, group, sole proprietorship, firm, association, company, partnership, joint venture, corporation, whether or not the same are separate legal entities.