No. 0201 11097

## IN THE COURT OF QUEEN'S BENCH OF ALBERTA
## JUDICIAL DISTRICT OF CALGARY

BETWEEN:

**NOREX PETROLEUM LIMITED and ZAO YUGRANEFT CORPORATION**

Plaintiffs

- and -

**CHUBB INSURANCE COMPANY OF CANADA, INGOSSTRAKH INSURANCE COMPANY LTD. and GREAT NORTHERN INSURANCE COMPANY**

Defendants

## STATEMENT OF DEFENCE OF
## CHUBB INSURANCE COMPANY OF CANADA

1.  Except as is hereinafter expressly admitted or which it is unable to admit, the Defendant Chubb Insurance Company of Canada ("Chubb") states that the claims alleged against Chubb in the Statement of Claim are entirely devoid of merit or foundation in fact or in law, and Chubb denies each and every allegation made in the Statement of Claim as if the same were set out separately herein and denied.

2.  Chubb is unable to admit the allegations in paragraphs 1 and 2 of the Statement of Claim.

3.  Chubb admits:

    (a) Paragraphs 3 and 4 of the Statement of Claim.

    (b) The corporate status and offices of the Defendant, Great Northern Insurance Company with the correction that it's offices are in the Township of Warren, New Jersey.

OCT 09 2002 23:22 FR DUNCAN MCCRCHEN            4032946701 TO 12155698912          P.03
Case 1:04-mc-00281-CKK   Document 7-5   Filed 11/18/04   Page 2 of 9

- 2 -

(c) That Chubb issued the Chubb Policy described in paragraph 12 of the Statement of Claim, with the correction that the policy period was to be from November 15, 2000 to November 1, 2001.

(d) That the Named Insured under the Chubb Policy are as set forth in paragraph 12 of the Statement of Claim.

(e) That the Property Insurance coverage of the Chubb Policy required that:

    (i) there be direct physical loss of, or damage to, Personal Property (as defined in the Chubb Policy);

    (ii) the direct physical loss or damage occur at the premises stated in the Declarations;

    (iii) and that the direct physical loss or damage result from a Covered Cause of Loss (as defined and limited in the Chubb Policy).

(f) That the Property Insurance coverage of the Chubb Policy was, in consideration of a reduced premium, limited to Differences in Conditions and Differences in Limits coverage as described in paragraph 21 of the Statement of Claim.

(g) That Ingosstrakh issued "controlled admitted insurance" in favour of the Plaintiffs, which insurance provided first loss property coverage and had limits of insurance in the sum of U.S.$11,764,900, being the same limits of insurance as the Chubb Policy.

(h) The terms of the Ingosstrakh Binder and Ingosstrakh Policy as described in paragraphs 24 through 28 of the Statement of Claim (collectively the "Ingosstrakh Coverage").

**The Claim**

4. In full and complete response to the Statement of Claim, Chubb denies that there is any coverage under the Chubb Policy for the claims which form the subject of the Statement of Claim. Alternatively, if any such coverage exists, then it also exists under the Ingosstrakh

OCT 09 2002 23:22 FR DUNCAN MCCACHEN 4032946701 TO 12155698912 P.04
Case 1:04-mc-00281-CKK   Document 7-5   Filed 11/18/04   Page 3 of 9

- 3 -

Coverage, which is primary coverage, and the Plaintiffs are obligated to first pursue recovery from the Ingosstrakh Coverage.

**Capacity and Entitlement to Bring Claim**

5. With respect to the purported claim of ZAO Yugraneft Corporation ("Yugraneft"), Chubb states that this action was initiated and is being maintained under the direction, management and control of Norex or by a person or persons unknown, and not by Yugraneft. Yugraneft has not authorized the commencement of this action directly or by anyone on its behalf.

6. Chubb states that the action commenced in the name of Yugraneft lacks proper corporate authorization and is therefore null, void or is otherwise not maintainable.

7. Further, it is an express term of the Chubb Policy that no legal action would be brought against Chubb until there has been full compliance with all the terms of the Chubb Policy. The Chubb Policy terms included:

   (a) an obligation on the part of the Insured to provide details of what happened in respect to the occurrence for which claim is brought, including time, place and names and addresses of available witnesses;

   (b) an obligation on the Insured to cooperate in the investigation or handling of any claim;

   (c) an obligation on the part of the Insured to authorize Chubb to obtain records or reports necessary for Chubb's investigation;

   (d) an obligation on the part of the Insured to take every reasonable step to protect insured property from further damage; and

   (e) an obligation on the part of the Insured to file with Chubb a sworn statement of loss.

OCT 09 2002 23:22 FR DUNCAN MCCACHEN          4032946701 TO 12155698912        P.05
Case 1:04-mc-00281-CKK   Document 7-5   Filed 11/18/04   Page 4 of 9

- 4 -

8.   Chubb states that the Plaintiffs, and each of them, have failed to fully comply with the terms of the Chubb Policy and are thereby precluded from maintaining this action.

9.   The aforesaid failure of the Plaintiffs, or either of them, has prevented Chubb from completing a full or sufficient investigation of the alleged loss.

**No Insurable Interest**

10.   As is acknowledged in paragraphs 7 –10, 15, 16, 31 and 32 of the Statement of Claim, the property insured by the Chubb Policy was at all material times owned by Yugraneft, and not by Norex.

11.   In further full and complete answer to the claim of Norex Petroleum Limited ("Norex") and in specific response to paragraph 14 of the Statement of Claim, Chubb states that Norex did not, at any material time, have an insurable interest in any property insured by the Chubb Policy.

12.   At all material times, and in any event at the time of the alleged loss claimed in the Statement of Claim, Chubb states that Norex did not have a beneficial or legal interest in the continued existence of the property insured under the Policy. Norex did not have a financial interest in and thereby did not stand to suffer loss from any injury or damage to the property insured under the Chubb Policy.

13.   It was an express term of the Chubb Policy that Chubb would not be required to pay the Insured more than their financial interest in the property. Chubb states that at the time of the loss, Norex had no financial or other interest in any property which is insured under the Chubb Policy and, as a result, is not entitled to payment under the Chubb Policy for the claims as alleged in the Statement of Claim or at all.

**Nature of Claim being Advanced**

14.   Chubb denies that either of the Plaintiffs have sustained a fortuitous, direct loss of, or damage to, the property insured by the Chubb Policy.

OCT 09 2002 23:23 FR DUNCAN MCCACHEN    4032946701 TO 12155698912    P.06
Case 1:04-mc-00281-CKK   Document 7-5   Filed 11/18/04   Page 5 of 9

- 5 -

15.     The property insured by the Chubb Policy has and continues to exist without direct physical loss or damage. The business operations and activities carried out by Yugraneft in the past continue to be carried out and conducted in the ordinary course without loss of or damage to any property which forms the subject of the Chubb Policy.

16.     The alleged loss to Norex is merely a civil dispute between two competing shareholders over ownership and control of Yugraneft. Norex has lost majority ownership and control of Yugraneft through corporate commercial and legal proceedings carried out in Russia. These proceedings have been carried out in accordance with the applicable laws and regulations and under the direction and control of governmental or judicial bodies of Russia. Such a loss or dispute does not constitute fortuitous direct loss of, or damage to, the property insured by the Chubb Policy.

17.     Additionally, it is a term of the Chubb Policy that Chubb will not be liable for loss sustained by one insured to the advantage of any other insured.

**Norex Bad Faith**

18.     Norex and Yugraneft had a history of differences with Tyumen Oil Company ("TNK") while Norex was in control of Yugraneft. Norex and Norex controlled-Yugraneft did on at least one previous occasion bring claim against insurance coverage issued to them by Chubb and Ingosstrakh for the admitted and sole purpose of attempting to bring pressure to bear on TNK in an effort to resolve civil differences with TNK, and not as a valid insurance claim.

19.     Now, Norex has been frustrated in its attempts to resolve its differences with TNK concerning the takeover of Yugraneft and brings this action merely in an further attempt to bring pressure to bear on TNK, and not as a valid insurance claim. Norex has thereby breached its obligation owed to Chubb of acting in utmost good faith and honesty in the presentation of any claims.

20.     Norex and Yugraneft have also not acted in the utmost of good faith in failing to provide Chubb with access to all records and reports necessary for Chubb's investigations.

## Exclusions to Coverage

21.  The Chubb Policy contains the following exclusions, among others:

We will not pay for loss of, or damage to, any Subject of Insurance caused by or resulting from any of the following:

"WAR AND MILITARY ACTION

1. war, including undeclared or civil war;

2. warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign power or other authority using military personnel or other agents;

3. insurrection, rebellion, revolution, usurped power, or action taken by governmental authority, whether de jure or de factor, in hindering or defending against any of these;

4. any direct or indirect loss that results from war or military action even if the resulting loss would otherwise be covered; or

GOVERNMENTAL ACTION

1. seizure, confiscation, expropriation, nationalization or destruction or property by order of governmental authority, whether de jure or de facto;

2. any direct or indirect loss that results from governmental action even if the resulting loss would otherwise be covered; or

DISHONESTY

fraudulent, dishonest or criminal acts or omissions committed alone or in collusion with others by:

1. you;
2. your employees; or
3. anyone authorized to act for you.

22.  Chubb has been unable to fully or sufficiently investigate the allegations made in paragraphs 7 through 11 of the Statement of Claim due to the failure of the Plaintiffs to cooperate in providing access to necessary records and reports, and also because of difficulties associated with the location of the alleged loss or damage. Should further investigations by Chubb reveal, and should facts as found by this Honourable Court determine, circumstances which fall within any of the aforesaid policy exclusions, Chubb denies coverage on the basis of the applicable exclusions.

OCT 09 2002 23:23 FR DUNCAN MCCACHEN          4032946701 TO 12155698912         P.08
Case 1:04-mc-00281-CKK   Document 7-5   Filed 11/18/04   Page 7 of 9

- 7 -

## Differences in Conditions and Limits Coverage

23. Further, and in the alternative, the Plaintiffs requested and obtained the benefit of reduced premiums for the issuance of the Chubb Policy on the basis that the coverage offered by the Chubb policy would be limited to Differences in Conditions and Differences in Limits relative to the Ingosstrakh Coverage.

24. By the Differences in Conditions, it was agreed that the Chubb Policy coverage would be limited to any loss or damage that is not covered under the Ingosstrakh Coverage but which is covered by the Chubb Policy.

25. By the Differences in Limits, it was agreed that the Chubb Policy coverage would be limited to loss or damage that is covered by both the Chubb Policy and the Ingosstrakh Coverage but only to the extent that the limits of insurance of the Ingosstrakh Coverage are insufficient to pay in full such loss or damage, and only up to the Limits of Insurance of the Chubb Policy.

26. The conditions of the Ingosstrakh Coverage are such that, if there is coverage for the Plaintiffs' claims under the Chubb Policy, then there is also coverage under Ingosstrakh Coverage. As a result, there is no coverage for the Plaintiffs' claims pursuant to the Differences in Conditions coverage of the Chubb Policy.

27. The limits of the Ingosstrakh Coverage and the Chubb Policy with respect to the loss of, or damage, to property insured by the two coverages are identical. As a result, if there is coverage for the Plaintiffs' claims under the two coverages, then the limits of the Ingosstrakh Coverage are sufficient to pay in full the alleged loss or damage.

28. The Ingosstrakh Coverage is first loss insurance and the plaintiffs are thereby obligated to vigorously pursue recovery of their alleged loss or damage from the Ingosstrakh Coverage ahead of the Chubb Policy, and the Plaintiffs have failed to do so.

## Conduct of Chubb

29. Chubb denies the allegations in paragraphs 19 and 20 of the Statement of Claim.

H:\Wdocs\22114\99299194.Doc

OCT 09 2002 23:24 FR DUNCAN MCCACHEN     4032946701 TO 12155698912     P.09
Case 1:04-mc-00281-CKK   Document 7-5   Filed 11/18/04   Page 8 of 9

- 8 -

30.     Chubb has at all times responded to and dealt with the Plaintiffs' claims in good faith and denies the allegation that any conduct on its part warrants the Court's sanction by an award of punitive damages.

31.     The failure of the Plaintiffs, or either of them, to act with the utmost good faith and honesty in advancing a claim against the Chubb Policy is deserving of sanction by this Honourable Court, and Chubb respectfully seeks recovery of its costs on a solicitor and own client basis.

32.     Chubb agrees with the proposal set forth in paragraph 36 of the Statement of Claim.

WHEREFORE THIS DEFENDANT PRAYS that the claim of the Plaintiffs be dismissed with costs.

DATED at the City of Edmonton, in the Province of Alberta, this 13th day of September, 2002; and filed by McLennan Ross LLP, Barristers & Solicitors, 600, 12220 Stony Plain Road, Edmonton, Alberta, T5N 3Y4, Solicitors for this Defendant, whose address for service is in care of the said solicitors.

**TO:  THE PLAINTIFFS**

THIS STATEMENT OF DEFENCE is filed by McLennan Ross LLP, Barristers & Solicitors, 600, 12220 Stony Plain Road, Edmonton, AB T5N 3Y4, the Solicitors for this Defendant.

This Defendant carries on business at

Calgary, AB.

This Defendant's address for service is in care of the said Solicitors at which address service of subsequent proceedings in this action may be served as effectively as if served upon this Defendant personally.

Solicitors for this Defendant:

McLennan Ross

No. 0201 11097                           2002

IN THE COURT OF QUEEN'S BENCH
OF ALBERTA
JUDICIAL DISTRICT OF CALGARY

BETWEEN:

**NOREX PETROLEUM LIMITED** and
**ZAO YUGRANEFT CORPORATION**
Plaintiffs

- and -

**CHUBB INSURANCE COMPANY OF CANADA, INGOSSTRAKH INSURANCE COMPANY LTD.** and **GREAT NORTHERN INSURANCE COMPANY**

Defendants

**STATEMENT OF DEFENCE OF CHUBB INSURANCE COMPANY OF CANADA**

McLennan Ross LLP
Barristers & Solicitors
600, 12220 Stony Plain Road
Edmonton, AB T5N 3Y4

Lawyer: Havelock B. Madill, Q.C.
Telephone: (780) 482-9234
Fax: (780) 482-9101
File No.: 221142