IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

--------------------------------- X

OAO ALFA-BANK, ZAO ALFA-ECO,          :
MIKHAIL FRIDMAN, and
PYOTR AVEN,                           :

    Plaintiffs,                      :

    v.                               :         Case No. 1:00CV02208 (RWR)

CENTER FOR PUBLIC INTEGRITY,          :
KNUT ROYCE, and
NATHANIEL HELLER,                     :

    Defendants.                      :

---------------------------------X

## CONFIDENTIALITY AGREEMENT

This CONFIDENTIALITY AGREEMENT ("Agreement") is entered into by and between plaintiffs OAO Alfa-Bank, ZAO Alfa-Eco, Mikhail Fridman, and Pyotr Aven ("plaintiffs"), defendants Center for Public Integrity, Knut Royce, and Nathaniel Heller ("defendants") (collectively "the parties"), and third party BP Amoco, Inc. ("BP Amoco").

WHEREAS, on or about January 23, 2001, defendants served BP Amoco with a subpoena duces tecum (the "subpoena");

WHEREAS, BP Amoco has represented to the parties that certain documents responsive to the subpoena are of a confidential and/or proprietary nature; and

WHEREAS, the parties desire to avoid the time and expense that would be incurred in the event BP Amoco was to move for a protective order with respect to the production, use, and disclosure of such documents.

NOW, THEREFORE, in consideration of the foregoing, plaintiffs, defendants and BP Amoco hereby agree as follows:

1. This Agreement shall be binding upon plaintiffs, defendants, and BP Amoco and their counsel of record, agents, consultants, and representatives, and any other persons authorized to act on their behalf in connection with the above-captioned litigation, and shall remain in force and effect until (a) modified, superseded, or terminated by written consent of plaintiffs, defendants and BP Amoco, or (b) by order of the Court.

2. This Agreement governs the treatment of: (a) all documents and other information provided by BP Amoco in response to the subpoena bearing the stamp or legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY"; and (b) any copies, excerpts, and summaries thereof made by the parties (collectively, "the confidential information"). This Agreement shall not govern the treatment of any documents or information obtained by the parties other than through the discovery process in this case.

3. BP Amoco shall designate as "CONFIDENTIAL" only that information that BP Amoco reasonably and in good faith believe is its confidential information and entitled to protection under applicable law, and which BP Amoco would not normally reveal to others or would cause others to maintain in confidence. BP Amoco shall designate as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only those documents or information (1) which constitute, contain or reflect a trade secret or other confidential research, development or commercially-sensitive information; and (2) the disclosure of which is likely to have the effect of harming the competitive position of BP Amoco.

4. The confidential information may be used by the parties only for purposes of this litigation, including any appeals, and not for any business, competitive, or commercial purpose or function, including but not limited to, the publication of news articles.

5. The confidential information designated as "CONFIDENTIAL" may be disclosed only to the following:

(a) The parties;

(b) The Court, provided that: (i) pleadings, motions, memoranda, or other papers filed with the Court shall be labeled "Confidential – Subject to Confidentiality Agreement"; and (ii) in the case of a hearing or trial, such disclosure shall be subject to such protective order as the Court, upon motion, may enter;

(c) The parties' counsel of record;

(d) Experts and consultants who are employed, retained, or otherwise consulted by the parties in connection with the above-captioned litigation; and

(e) Any other individual or entity as to whom plaintiffs, defendants and BP Amoco agree in writing.

6. The confidential information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed to those individuals and entities identified in Paragraphs 5 (b) through (e), but not to the parties. BP Amoco shall be given notice of the identity of any individuals or entities identified in Paragraph 5(d) at least seven days prior to such individuals or entities being provided confidential information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

7. In the event either of the parties disputes the confidentiality of all or any portion of the confidential information, use or disclosure thereof is not permitted unless and until counsel for the parties and BP Amoco confer in an effort to resolve the dispute, and, if such a conference fails to produce a resolution, BP Amoco obtains a ruling from the Court with respect thereto. BP Amoco shall have 30 days from the date of the conference to move the Court for such a ruling. If BP Amoco does not move the Court within the 30-day period, the confidential status of the information shall be deemed to have been waived.

8. Disclosure of the confidential information to any individual or entity referenced in Paragraphs 5 and 6 above may not be made until such individual or entity has been given a copy of this Agreement and has acknowledged in writing in the form of the Undertaking attached hereto as Exhibit A that he or she or it has received a copy of this Agreement, has reviewed it, will comply with its terms in all respects, and subjects himself or herself or itself to the Court's jurisdiction for the purpose of enforcement proceedings if he or she or it violates this Agreement. Counsel of record for the parties shall maintain the executed Undertaking forms in a secure file and shall not destroy them except by agreement of BP Amoco or order of the Court.

9. Within 30 days of the entry of the order upon which this action is finally determined, unless otherwise agreed to by the parties or ordered by the Court, the parties' counsel shall return the confidential information to BP Amoco's counsel or represent that such confidential information has been destroyed in a manner designed to ensure its continued confidentiality.

10. The provisions of this Agreement shall survive the termination of this litigation, and the Court retains jurisdiction to enforce the terms thereof.

Dated: April 18, 2001

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.

_____
Daniel Joseph
Jonathan S. Spaeth
Joshua C. Toll
Nicole L. Hagenbuch
1333 New Hampshire Ave., N.W.
Washington, D.C. 20036
(202) 887-4000

COUNSEL FOR PLAINTIFFS

Dated: April ___, 2001

LEVINE SULLIVAN & KOCH, L.L.P.

_____
Michael D. Sullivan
Elizabeth C. Koch
1050 Seventeenth St., N.W.
Suite 800
Washington, D.C. 20036
(202) 508-1100

COUNSEL FOR DEFENDANTS

Dated: April 18, 2001

SULLIVAN & CROMWELL

_____
Daryl A. Libow
1701 Pennsylvania Ave., N.W.
Washington, D.C. 20006
(202) 956-7500

COUNSEL FOR BP AMOCO, INC.

## Exhibit A

## UNDERTAKING

I hereby certify that I have been provided a copy of and have read the Confidentiality Agreement ("Agreement") by and between plaintiffs OAO Alfa-Bank, ZAO Alfa-Eco, Mikhail Fridman, and Pyotr Aven, defendants Center for Public Integrity, Knut Royce, and Nathaniel Heller, and third party BP Amoco, Inc. in the lawsuit styled <u>OAO Alfa-Bank, et al. v. Center for Public Integrity, et al.</u>, No. 1:00CV02208 (RWR), now pending in the United States District Court for the District of Columbia. I agree to comply with and to be bound in all respects by the Agreement's provisions respecting the use of "confidential information." I also agree to subject myself to the jurisdiction of the Court for purposes of enforcement of the provisions of the Agreement.

_____                    _____
Date                                         Name (print or type)

                                             _____
                                             Signature

Subscribed to and sworn before me
this ____ day of _____, 2001.


_____
Notary Public

My commission expires: _____