Westlaw.

Not Reported in F.Supp.2d
2003 WL 1484269 (S.D.N.Y.)
**(Cite as: 2003 WL 1484269 (S.D.N.Y.))**

Page 1

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court,
S.D. New York.

NOREX PETROLEUM LIMITED, Plaintiff,
v.
ACCESS INDUSTRIES, INC., et al., Defendants.

No. 02Civ.1499(LTS)(KNF).

March 21, 2003.

Holder of majority stake in oil company brought Racketeer Influenced and Corrupt Organizations Act (RICO) action against corporation and affiliated corporate entities, alleging that its stake was seized through illegal scheme to gain dominance over Russian oil industry. Defendants filed motion to dismiss, and plaintiff requested lift of discovery stay so it could obtain information necessary to oppose motion. The District Court, Fox, United States Magistrate Judge, held that: (1) plaintiff was not entitled to limited discovery so it could obtain information allegedly needed to oppose motion to dismiss on ground of forum non conveniens; (2) plaintiff was entitled to depose defense experts who submitted affidavits in support of defendants' motion; (3) plaintiff was not entitled to limited discovery to obtain court files of prior proceedings, which it allegedly needed to oppose motion to dismiss on ground of res judicata and collateral estoppel.

Motion granted in part.

West Headnotes

**[1] Federal Civil Procedure** ⊂═⇒**1269.1**
170Ak1269.1 Most Cited Cases
Plaintiff was not entitled to limited discovery so it could obtain information allegedly needed to oppose motion to dismiss on ground of forum non conveniens; plaintiff's request was not reasonably and narrowly focused upon matters pertinent to the defendants' motion to dismiss, but instead sought extensive discovery that would develope details going to the entire case. Fed. Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A.

**[2] Federal Civil Procedure** ⊂═⇒**1323.1**
170Ak1323.1 Most Cited Cases
Plaintiff that alleged that pervasive corruption in Russian judicial system made Russia inadequate forum in which to submit its claims was entitled to depose defense experts who submitted affidavits in support of defendants' motion to dismiss on ground of forum non conveniens, which addressed adequacy of Russian forum and issues of Russian law. Fed. Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A.

**[3] Federal Civil Procedure** ⊂═⇒**1592**
170Ak1592 Most Cited Cases
Plaintiff was not entitled to limited discovery to obtain court files of prior proceedings, which it allegedly needed to oppose motion to dismiss on ground of res judicata; to extent that plaintiff did not participate in the prior proceedings, court files were not necessary to establish that fact, and to extent it did participate, plaintiff could use affidavit of counsel in those proceedings to show why it was not prevented from litigating its current claims. Fed. Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A.

**[4] Federal Civil Procedure** ⊂═⇒**1592**
170Ak1592 Most Cited Cases
Plaintiff was not entitled to limited discovery to obtain court files of prior Russian proceedings, which it allegedly needed to oppose motion to dismiss on ground of collateral estoppel; plaintiff's assertion that a corrupt judicial system in Russia prevents parties from receiving a full and fair opportunity to litigate there could be established without resort to the many court files plaintiff sought. Fed. Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A.

MEMORANDUM and ORDER

FOX, Magistrate J.

INTRODUCTION

*1 Plaintiff Norex Petroleum Limited ("Norex") has requested that the Court lift the stay of discovery imposed by the assigned district judge so that Norex might use the discovery tools found in the Federal Rules of Civil Procedure to obtain information that it contends is needed to demonstrate that the defendants' outstanding motion, made pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss plaintiff's complaint on the grounds of forum non conveniens, res judicata, collateral estoppel and international comity should not be granted. The defendants maintain that

discovery is not necessary in order for Norex to respond to the motion they have made; consequently, they urge the Court to deny plaintiff's request that the stay of discovery be lifted.

BACKGROUND

In this action, plaintiff has made claims against the defendants under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq. In particular, Norex alleges that its majority stake in the control of an oil company was seized through a pattern of racketeering as part of a comprehensive illegal scheme of the defendants to gain dominance over the Russian oil industry. Plaintiff alleges that to effect the object of the scheme, the defendants engaged in mail and wire fraud, laundered money, engaged in acts of extortion and bribery and corrupted Russian judicial proceedings.

In an order dated August 9, 2002, the assigned district judge denied a request made by Norex for limited discovery pertinent, *inter alia*, to the defendants' outstanding Fed.R.Civ.P. 12(b)(6) motion. Although the assigned district judge denied Norex's request for limited discovery, Norex was given leave to renew the request and has now done so.

The defendants' pending motion contains alternative theories under which they contend this action should be dismissed; they include: the doctrines of forum non conveniens, collateral estoppel and res judicata, as well as principles of international comity.

Norex alleges that pervasive corruption within the Russian judicial system makes Russia an inadequate forum in which to present its claims for adjudication. The degree to which the Russian judicial system has been compromised, and the extent to which, if at all, the defendants have contributed to undermining that judicial system can best be demonstrated to the court, Norex maintains, if it is permitted to submit interrogatories to, and to obtain documents from, the defendants and 61 corporate entities Norex says are associated with them, and to obtain deposition testimony from three experts (Paul A. Stephan, III, Alexei Kostin and Vladimir Kuznetsov), whose affidavits on Russian law and the adequacy of the Russian forum were submitted to the court by the defendants in support of their outstanding motion to dismiss. Norex also contends that in addition to addressing the corrupt Russian judicial system, the discovery it seeks through the instant request will enable it to show the court that the doctrines of res judicata and collateral estoppel, as well as the principles of international comity do not justify granting the defendants' motion because Norex did not participate in the vast majority of judicial proceedings upon which the defendants rely in urging the court to grant their motion on these grounds.

DISCUSSION

*Forum Non Conveniens*

*2 [1] Generally, a motion to dismiss premised upon a claim of forum non conveniens is decided based upon affidavits solely. *See Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 130 (2d Cir.1987) (citation omitted); *Alcoa Steamship Co. v. M/V Nordic Regent*, 654 F.2d 147, 158 (2d Cir.1980); *Beekmans v. J.P. Morgan & Co.*, 945 F.Supp. 90, 95 (S.D.N.Y.1996). This is so because, as the Supreme Court has noted, "[r]equiring extensive investigation would defeat the purpose" of such a motion. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258, 102 S.Ct. 252, 267, 70 L.Ed.2d 419 (1981). While a motion to dismiss, based upon forum non conveniens, does not typically require a detailed development of the entire case through discovery, *see Fitzgerald v. Texaco, Inc.*, 521 F.2d 448, 451 n. 3 (2d Cir.1975), there are occasions when limited discovery on that issue is appropriate. *See Base Metal Trading S.A. v. Russian Aluminum, et al.*, No. 00 Civ. 9627, 2002 WL 987257, at *3 (S.D.N.Y. May 14, 2002).

Although styled as a request that the stay of discovery be lifted so that Norex might pursue "limited" discovery directed solely at the outstanding motion to dismiss, "Annex A" attached to Norex's application to the Court describes 13 categories of documents and areas for exploration through interrogatories that Norex wishes to present to the defendants for disclosure and response in order that it might attempt to defeat the motion. This extensive demand for discovery seeks such information as the identity of the legal and beneficial owner(s) of each of the defendants and the 61 associated corporate entities referenced above, for a six-year period commencing in 1997. Norex's request also seeks the identity of all officers and directors of each of the defendants and the 61 associated corporate entities during the same six-year period. In addition, Norex seeks six years of banking and other financial data from each defendant and each of the 61 corporate entities. While Norex attempts to persuade the Court that each category of information it has identified for pursuit through discovery pertains solely to matters that will help it demonstrate that the defendants'

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2003 WL 1484269 (S.D.N.Y.)
(Cite as: 2003 WL 1484269 (S.D.N.Y.))

Page 3

motion to dismiss should be denied, it appears to the Court, from the scope of the discovery demanded, that Norex is seeking to do indirectly what it cannot do directly: obtain discovery germane to the merits of the underlying action.

The Court finds that Norex's application, insofar as it is directed to discovery on that branch of the defendants' motion which speaks to the issue of forum non conveniens, is not reasonably and narrowly focused upon matters pertinent to the defendants' motion to dismiss. As crafted, the request runs afoul of the proscription against permitting a party to engage in extensive discovery that develops details going to the entire case when a motion to dismiss for forum non conveniens is being entertained by a court. *See Piper* and *Fitzgerald, supra*.

**\*3** [2] However, after reviewing the submissions made by the parties in support of and in opposition to Norex's application that the stay of discovery be lifted, the Court finds that some utility exists in permitting Norex to depose the experts who have submitted affidavits in support of the defendants' motion to dismiss, that address the adequacy of the Russian forum and issues of Russian law. Therefore, to the extent not heretofore disclosed, the defendants shall provide to Norex, expeditiously, information pertaining to the background and experience of each of the experts and the bases for his opinion. The defendants shall also identify the published writings, if any, of each expert, any proceedings at which he has given expert testimony and the compensation each has or will receive in connection with the instant litigation. *See, passim,* Fed.R.Civ.P. 26(a)(2). Within 21 days of service of the expert-related data upon Norex, Norex shall depose the experts. The parties are directed to confer and thereafter to select a time and place for taking the depositions that is mutually convenient to the parties.

*Res Judicata, Collateral Estoppel and International Comity*

Res judicata and collateral estoppel are separate and distinct legal concepts. "Under res judicata, a final judgment on the merits of an action precludes the parties or their privities from relitigating issues that were or could have been raised in that action.... Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414-415, 66 L.Ed.2d 308 (1980). "Comity ... is the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws." *Hilton v. Guyot,* 159 U.S. 113, 163-164, 16 S.Ct. 139, 143, 40 L.Ed. 95 (1895).

In the case at bar, "Annex B" to Norex's application, that the Court lift the stay of discovery, identifies 12 judicial proceedings for which Norex seeks from the defendants the "complete court files ." Norex alleges that these materials are needed in order for it to establish that the doctrines of res judicata and collateral estoppel, as well as the principles of international comity do not warrant the court's granting the defendants' motion to dismiss. In addition, in that same annex to its application, Norex demands that the defendants disclose similar material with respect to any other proceeding to which the defendants point in asserting that res judicata, collateral estoppel and/or comity bar Norex from asserting the claims that comprise its complaint.

[3] With respect to the doctrine of res judicata, the Court finds that plaintiff's request is curious, since Norex maintains that it was not a participant in nine of the 13 judicial proceedings upon which the defendants rely in support of their contention that res judicata, collateral estoppel and international comity bar plaintiff from maintaining this action. If Norex was not a participant in nine of the judicial proceedings relied upon by the defendants, it is not clear to the Court why disclosure of the "complete court files" is necessary for Norex to establish that fact; alternative methods are available. For example, Norex has submitted documents to the Court that purport to show that Russian officials denied it access to court files because Norex was not a party to the pertinent judicial proceedings.

**\*4** Similarly, in the remaining four proceedings, about which Norex makes no claim that it was not a participant, disclosure of the "complete court files" does not appear to the Court to be needed by Norex in order for it to explain why those proceedings do not provide the defendants a basis for asserting that the doctrine of res judicata is applicable to this case. Having participated in the subject proceedings, Norex should be able to present competent evidence to the court, through an affidavit from its counsel in those proceedings or through some other means, that shows the court why the judgments obtained in those

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
2003 WL 1484269 (S.D.N.Y.)  
**(Cite as: 2003 WL 1484269 (S.D.N.Y.))**

Page 4

proceedings do not prevent Norex from litigating the claims it has made in this action.

[4] Furthermore, with respect to the defendants' claim that collateral estoppel should bar Norex from asserting the claims it has made in this action, Norex's assertion that a corrupt judicial system in Russia prevents parties from receiving a full and fair opportunity to litigate there can be established without resort to the many court files Norex seeks to have the defendants disclose to it. First, Norex had to have a good faith basis for asserting that the Russian judicial system is susceptible to corruption and, thus, is not an adjudicatory system in which a party can expect to receive a full and fair opportunity to litigate a dispute. Whatever factual information Norex relied upon in determining to make that assertion must, independent of Norex's receipt of the documents it has identified in and requested through "Annex B," provide a basis upon which it can show that the Russian judicial system does not afford its litigants a full and fair opportunity to have their disputes adjudicated. In addition, the depositions that Norex will take of the experts upon whom the defendants have relied in connection with their motion should, if necessary, enable Norex to supplement the factual information it already possesses concerning the corruption it maintains pervades the Russian judicial system. Moreover, the expert depositions to be taken by Norex should also enable it to respond appropriately to the arguments urged on the court by the defendants that the principles of international comity should be upheld, and that the court should recognize the judicial actions taken in prior Russian litigation as a bar to plaintiff's prosecuting this action in this court.

Accordingly, the Court finds that Norex's request, that the defendants produce to it the "complete court files" for the judicial proceedings referenced in "Annex B" to the plaintiff's application to lift the stay of discovery, must be denied.

## CONCLUSION

For the reasons set forth above, Norex's request, that the stay of discovery previously imposed by the assigned district judge be lifted, is granted to the limited extent of permitting Norex to obtain expert discovery as outlined above.

2003 WL 1484269 (S.D.N.Y.)

Motions, Pleadings and Filings (Back to top)

- 1:02CV01499 _____ (Docket) (Feb. 26, 2002)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.