# AKIN GUMP
# STRAUSS HAUER & FELD LLP

Attorneys at Law

1:04-mc-00281-CKK

**KIM KOOPERSMITH, P.C.**
(212) 872-1060/fax: (212) 872-1002
kkoopersmith@akingump.com

February 28, 2003

<u>BY HAND DELIVERY</u>

Honorable Kevin Nathaniel Fox
United States Magistrate Judge
United States District Court for the
  Southern District of New York
40 Centre Street, Room 540
New York, New York 10007

Re: *Norex Petroleum Ltd. v. Access Industries, Inc. et al.*, No. 02-CV-1499 (LTS) (KNF)

Dear Judge Fox:

We write in response to the February 18, 2003 letter from Marks & Sokolov requesting leave to obtain non-party discovery from BP through a subpoena requiring either the retention or production of certain documents. As your Honor is aware, Judge Swain has stayed discovery in this action, and Plaintiff's request to lift that stay to obtain party discovery for purposes of responding to Defendants' Motion to Dismiss remains pending before your Honor.

As set forth in detail in Defendants' briefs dated January 8 and 31, 2003, settled Second Circuit and Southern District law holds that *party* discovery is not necessary for the resolution of a *forum non conveniens* motion. *See, e.g., Alcoa S.S. Co. v. M/V Nordic Regent*, 654 F.2d 147, 149 (2d Cir. 1980); *Monegasque de Reassurances S.A.M. v. NAK Naftogaz*, 158 F. Supp. 2d 377 (S.D.N.Y. 2001), *aff'd*, 311 F.3d 488 (2d Cir. 2002). We respectfully submit that Plaintiff has failed to offer any reason to lift the stay of discovery to obtain *non-party* discovery.

Nevertheless, we believe this matter can be readily resolved. Counsel for BP has confirmed that BP has taken steps to preserve documents within its possession, custody or control regarding BP's transactions with Sidanco and its subsidiaries, including Chernogorneft, that were the subject of an earlier dispute between BP and Tyumen Oil Company ("TNK") (a dispute referred to in Plaintiff's letter).[1] Plaintiff's request for preservation has thus already been addressed and

---

[1] We must note that Plaintiff's statement that BP "is now a 50% shareholder of Defendant Tyumen Oil Co." is erroneous. BP reached an agreement in principle to form a new company which will own BP's assets in Russia and those of TNK International Limited -- a British Virgin Islands company. Completion of the transaction is subject to the approval of the European Commission and Russian Anti-Monopoly Commission and is not expected to occur until Summer 2003.

AKIN GUMP
STRAUSS HAUER & FELD LLP
Attorneys at Law

Honorable Kevin Nathaniel Fox
February 28, 2003
Page 2

the relief Plaintiff seeks is unnecessary. Indeed, the parties likely could have resolved this issue without involving the Court if counsel for Plaintiff had contacted counsel for Defendants regarding the preservation of documents prior to submitting its February 18 request.

Given BP's confirmation as discussed above and the current stay of discovery in this case, we believe there is no basis for Plaintiff to serve a subpoena requiring the *production* of documents from a non-party at this time. Indeed, Plaintiff's own authority shows that where, as here, a motion to dismiss is pending and a discovery stay is in place, the proper course is to require non-parties to preserve –rather than produce– responsive documents pending the court's resolution of the dispositive motion. *See, e.g., Base Metal Trading, S.A. v. Russian Alum.*, No. 00 Civ. 9627 (S.D.N.Y. Apr. 2, 2001) (Order of Koeltl, J); *Novak v. Kasaks*, No. 96 Civ. 3073, 1996 U.S. Dist. LEXIS 11778 at *4 (S.D.N.Y. Aug. 16, 1996); *Trump v. Hyatt Corp.*, No. 93 Civ. 5242, 1994 U.S. Dist. LEXIS 5624 at *6-7 (S.D.N.Y. Apr. 29, 1994).

As the parties and BP all agree that BP will preserve the documents Plaintiff contends are relevant to this case, Defendants respectfully submit that there is no live dispute on the issues raised in Plaintiff's February 18 request. Accordingly, that request should be denied.

Respectfully submitted,

Kim Koopersmith, P.C.

cc:  All counsel of record
     Daryl A. Libow, Esq. (counsel for BP)
     all via facsimile only