**Westlaw.**

Not Reported in F.Supp.2d                                                                  Page 1
2003 WL 21872389 (S.D.N.Y.)
(Cite as: 2003 WL 21872389 (S.D.N.Y.))

**H**
Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court,
S.D. New York.

NOREX PETROLEUM LIMITED, Plaintiff,
v.
ACCESS INDUSTRIES, INC., et al., Defendants.

No. 02 Civ.1499 LTS KNF.

Aug. 7, 2003.

Plaintiff brought civil suit under Racketeer Influenced and Corrupt Organizations Act (RICO), and defendants moved to dismiss. The United States Magistrate Judge Fox denied plaintiff's motion for limited discovery prior to resolution of motion. On objections to order, the District Court, Swain, J., held that: (1) objections were timely filed, and (2) plaintiff was not entitled to requested discovery prior to resolution of motions.

Ordered accordingly.

West Headnotes

[1] United States Magistrates ⚷25
394k25 Most Cited Cases
Time for filing objection to magistrate judge's ruling to district court was tolled during pendency of motion for reconsideration before magistrate judge.
Fed.Rules Civ.Proc.Rule 72, 28 U.S.C.A.

[2] Federal Courts ⚷45
170Bk45 Most Cited Cases
Plaintiff was not entitled to discovery regarding identity and location of corporate defendants' officers, directors, and beneficial owners prior to resolution of motion to dismiss for forum non conveniens.

[3] Federal Civil Procedure ⚷1828
170Ak1828 Most Cited Cases
Plaintiff was not entitled to discovery of court file which defendants asserted was binding on plaintiff on res judicata ground prior to proceeding on defendants' motions to dismiss on grounds of res judicata, collateral estoppel, and international comity.

*MEMORANDUM ORDER*

SWAIN, J.

*1 Plaintiff Norex Petroleum Limited ("Norex" or "Plaintiff") brings this action against Defendants under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. section 1961, et seq. Plaintiff specifically alleges that its majority stake in the control of an oil company was seized through a pattern of racketeering as part of a comprehensive illegal scheme of the Defendants to gain dominance over the Russian oil industry. Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, Plaintiff objects to Magistrate Judge Fox's March 20, 2003 order and April 8, 2003 order, denying reconsideration of the March 20, 2003 order, and denying, in part, Plaintiff's request for limited discovery to oppose Defendants' Motion to Dismiss on the grounds of forum non conveniens, res judicata, collateral estoppel and comity.

Plaintiff's discovery requests to Magistrate Judge Fox included: disclosure of the identity of the corporate Defendants' officers, directors and beneficial owners during the time period of the alleged illegal scheme and their last known location in connection with the forum non conveniens motion to dismiss; and the court pleadings in the so called "Know How" case which Defendants assert is binding on Norex as part of the res judicata, collateral estoppel and comity arguments of the motion to dismiss.

The Court has carefully considered Plaintiff's motion pursuant to Rule 72(a). For the following reasons, Plaintiff's motion is denied.

[1] As an initial matter, Defendants argue that Plaintiff has waived any objection to Magistrate Judge Fox's denial of limited discovery because it did not object within the ten-day period specified by Rule 72(a). See Fed.R.Civ.P. 72(a). Plaintiff, in turn, asserts that the time to file any objections to Magistrate Judge Fox's discovery decision was stayed pending resolution of the motion for reconsideration.

Magistrate Judge Fox ruled on the discovery motion on March 20, 2003. On March 27, 2003, Plaintiff filed a motion to reconsider. April 3, 2003 was the deadline for filing any objections to Magistrate Judge

Fox's order. On April 8, 2003, Magistrate Judge Fox rendered his decision on the motion for reconsideration. Plaintiff filed the instant objection to Magistrate Judge Fox's March and April orders on April 22, 2003.

While the Federal Rules do not directly address this question, courts in this District have found that, during the pendency of a motion for reconsideration before a magistrate judge, the time for filing an objection to the District Court is tolled. *See, e.g., Yurman Design Inc. v. Chaindom Enterprises.*, No. 99 civ. 9307(JFK), 2000 WL 1871715, at *1 (S.D.N.Y. Dec. 20, 2000); *Equal Employment Opportunity Commission v. Venator Group Specialty, Inc.*, No. 99 Civ. 4758(AGS), 2001 WL 246376, at *4 (S.D.N.Y. March 12, 2001). This Court concurs with this reasoning. Thus, the Court is not persuaded by Defendants' argument that Plaintiff waived any objection to Magistrate Judge Fox's denial of discovery by failing to object within the ten-day period. Because the ten-day period within which a party may file objections to Magistrate Judge Fox's order was tolled while the motion to reconsider that order was pending, this Court is not barred from considering Plaintiff's Objection to Magistrate Judge Fox's March 20, 2003 order. Moreover, tolling is not at issue with regards to the Objection to the April 8, 2003 order, as it was filed within the ten-day period.

*2 The Court turns to the merits of Plaintiff's Objection to Magistrate Judge Fox's March and April orders. When a party files an objection to a magistrate judge's order on a nondispositive matter, the district judge "shall modify or set aside any portion of the ... order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a). Factual findings by magistrate judges on nondispositive matters, including discovery rulings, are subject to review for clear error and should be upheld unless "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dubai Islamic Bank v. Citibank, N.A.*, 211 F.Supp.2d 447, 448 (S.D.N.Y.2001) (citation omitted). An order on a nondispositive matter may also be reversed where it is contrary to law, and "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y.2002) (citation omitted); *see also Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir.1990) (magistrate's ruling on discovery subject to review by district court under "clearly erroneous or contrary law" standard). Moreover, it is well-settled that "[a] magistrate judge's resolution of discovery disputes deserves substantial deference." *Surles v. Air France*, 210 F.Supp.2d 502 (S.D.N.Y.2002).

[2][3] Magistrate Judge Fox's determinations were neither clearly erroneous or contrary to law. As to Plaintiff's forum non conveniens discovery requests, "[t]he general standard is that parties are entitled to obtain discovery regarding any matter which is relevant to the subject matter involved in the pending action ... [A] motion to dismiss for forum non conveniens does not call for a detailed development of the entire case; rather discovery is limited to the location of important sources of proof." *Fitzgerald v. Texaco, Inc.*, 521 F.2d 448, 451 n. 3 (2d Cir.1975). Indeed, "[a][m]otion to dismiss for forum non conveniens may be decided on the basis of affidavits ... '[r]equiring extensive investigation would defeat the purpose of [the] motion." ' *Transunion Corp. v. Pepsico, Inc.*, 811 F.2d 127, 130 (2d Cir.1987) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)). Similarly, Plaintiff's request for the Know-How Dispute court file to address Defendants' motion to dismiss based on international comity, collateral estoppel and res judicata was not in accordance with applicable law, as discovery requests concerning such issues should be narrowly construed. Extensive discovery would defeat the purpose of motions to dismiss asserting international comity, collateral estoppel and res judicata. *See Base Metal Trading S.A. v. Aluminum*, No. 00 Civ. 9627(JGK) (FM), 2002 WL 987257, at *3 (S.D.N.Y. May 14, 2002). Magistrate Judge Fox's decisions were well within the discretion afforded courts by Federal Rule of Civil Procedure 26(b).

*3 Accordingly, Plaintiff's Rule 72(a) motion is denied. Magistrate Judge Fox's orders are hereby affirmed.

SO ORDERED.

2003 WL 21872389 (S.D.N.Y.)

Motions, Pleadings and Filings (Back to top)

• 1:02CV01499 (Docket) (Feb. 26, 2002)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.