IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**NOREX PETROLEUM LIMITED**

    **Petitioner,**    No. 1:04-MC-00281-CKK

v.

**CHUBB INSURANCE COMPANY OF CANADA**
 **et al**

    **Respondents.**

---

### DECLARATION OF THOMAS H. FERGUSON, Q.C.

---

I, THOMAS H. FERGUSON, Q.C., Barrister and Solicitor, of the City of Calgary, Province of Alberta, Canada, pursuant to the provisions of 28 U.S.C. §1746, hereby declare as follows:

1. I received a Bachelor of Laws from the University of Saskatchewan College of Law in 1965. I was admitted to practice law as a Barrister and Solicitor in the Province of Saskatchewan in 1966 and in the Province of Alberta in 1970. Since being admitted to the Alberta bar, I have practiced exclusively as a civil litigation lawyer. In 1988, I was appointed as one of Her Majesty's Counsel Learned in the Law (a Queen's Counsel). I am a senior partner in McCarthy Tétrault LLP.

2. To prepare this declaration, I reviewed the documents set out in Exhibit 1.

3. I make this declaration on behalf of Norex Petroleum Limited ("Norex") in regard to the Petition which Norex filed in the within action in the United States District Court, District of Columbia, in order to obtain evidence in support of the action commenced in the Court of Queen's Bench of Alberta, Judicial District of Calgary, Action No. 0201-11097 between

*Norex Petroleum Limited, et al.* v. *Chubb Insurance Company of Canada, et al.* (the "Canadian Litigation").

4. In particular, it is my understanding that, pursuant to the Petition, Norex seeks the assistance of this Court in compelling the production of certain records (the "Requested Records") in the possession of entities that are not party to the Canadian Litigation, including BP America Inc. ("BP"), and that BP opposes the Petition.

**Production of Records in Possession of Parties**

5. Under Alberta law, production of records and examinations for discovery take place before the commencement of a trial. [Exhibit 2]  Thus, the time period in which records must be obtained is during the discovery process.

6. Under Alberta law, parties to an action are compelled automatically to disclose by affidavit all records in their power and possession that are relevant and material to the matters at issue in the litigation. [Exhibit 3]  A party is required to produce all records in their possession, custody or power over which no claim of privilege is asserted.

7. In the foregoing and as subsequently used herein:

    (a) "record" includes any physical representation or record of any information, data, or other thing that is or is capable of being represented or reproduced visually or by sound, or both [Exhibit 4];

    (b) "possession" means physical possession;

    (c) "custody" denotes that the record is held by the party for another person;

    (d) "power" means that the party has the ability to obtain the delivery of the record from another person, for example, from an affiliate or subsidiary;

    (e) "disclose" means to list and describe the record;

(f) "produce" means to allow the opposite party to inspect the record and take a copy thereof; and

(g) "relevant and material" means, in connection with a record, a record that could reasonably be expected (a) to significantly help determine one or more of the issues raised in the pleadings, or (b) to ascertain evidence that could reasonably be expected to significantly help determine one or more of the issues raised in the pleadings [Exhibit 5].

### Production of Records in Possession of Non-Parties

8. Under Alberta law, the Court may, with or without conditions, direct the production of a record in the possession or power of a person who is not a party to the action when (a) a party to the action has reason to believe the record is relevant and material, and (b) the person in possession, custody or power of the record might be compelled to produce it at the trial. [Exhibit 6]

9. Under Alberta law, if a party is able to satisfy the court that the record may relate to the matter in issue, the court should make the order against the non-party unless there are compelling reasons why it should not be made, for example, where the document is privileged. An applicant need not show that a document is admissible in evidence at the trial as a condition of his obtaining the order. Nor is it necessary to show that the document is likely to be relevant. Rather, it is only necessary for an applicant to demonstrate a reasonable belief that the document **may be** relevant and material.

### Relevance of Requested Records

10. The Declaration of Alex Rotzang sets forth Norex's position on the use of the Requested Records and their relevance.

11. In my opinion, under applicable Alberta law, the Requested Records sought from BP may be relevant and material to the Canadian Litigation to prove the liability and damage claims against Chubb Insurance Company of Canada and Ingosstrakh Insurance Company Ltd.

12. Likewise, the Requested Records sought from BP may be relevant to opposing the *forum non conveniens* application brought by defendant, Ingosstrakh Insurance Company Ltd. It is an essential element of such an application that the applicant (Ingosstrakh) prove on a balance of probabilities that fair trial will result in the alternative forum. The Requested Records sought from BP may be used in examining the deponents, whose affidavits have been filed in support of Ingosstrakh's *forum non conveniens* application, and otherwise to oppose that application.

13. In my opinion, under applicable Alberta law, at trial the court would hear Norex's evidence, including the type of evidence sought from BP, before hearing the evidence of Chubb and Ingosstrakh in support of their affirmative defenses.

14. Further, in my opinion, even if the Alberta court grants Ingosstrakh's motion to dismiss for *forum non conveniens*, the Alberta court would hear Norex's evidence, including the type of evidence sought from BP, before consideration of the evidence of Chubb in support of its affirmative defenses.

### Jurisdiction of the Court of Queen's Bench of Alberta

15. The Court of Queen's Bench of Alberta is the superior court of original jurisdiction for Alberta. In circumstances, such as the present case, when the Requested Records are not within Alberta, the Court of Queen's Bench of Alberta necessarily relies upon comity and the aid and assistance of foreign courts in obtaining the Requested Records.

## Purpose of Declaration

16.  I make this declaration outside of the United States and declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on:  21 December 2004

Exhibits:

- Exhibit 1 (para. 2) – List of documents reviewed by deponent

- Exhibit 2 (para. 5) – Alberta *Rules of Court*, r. 200

- Exhibit 3 (para. 6) – Alberta *Rules of Court*, r. 187

- Exhibit 4 (para. 7(a)) – Alberta *Rules of Court*, r. 186

- Exhibit 5 (para. 7(g)) – Alberta *Rules of Court*, r. 186.1 with annotations per Fradsham, *Alberta Rules of Court Annotated 2004*, pp. 341-343.

- Exhibit 6 (para. 8) – Alberta *Rules of Court*, r. 209

**Exhibit 1 - Documents Reviewed by Mr. Thomas H. Ferguson, Q.C.:**

In the United States District Court for the District of Columbia, No. 1:04-MC-00281-CKK:

1. Petition for Discovery in Aid of a Foreign Proceeding pursuant to 28 U.S.C. §1782;

2. Declaration of Alex Rotzang;

3. Cross-Motion by Non-Party BP America Inc. to Quash Norex Petroleum Limited's Subpoena;

4. Non-Party BP America Inc.'s Statement of Points of Law and Authority in Opposition to Norex Petroleum Limited's Motion to Compel and in Support of BP America Inc.'s Cross-Motion to Quash;

5. Norex Petroleum Limited's Reply Memorandum in Support of Motion to Compel Production of Documents and Opposition to BP America Inc.'s Cross-Motion to Quash Subpoena;

Court of Queen's Bench of Alberta, Judicial District of Calgary, Action No. 0201-11097:

6. Statement of Claim of Norex Petroleum Limited and Zao Yugraneft Corporation, filed June 28, 2002;

7. Statement of Defence of Ingosstrakh Insurance Company Ltd., filed August 12, 2002;

8. Statement of Defence of Chubb Insurance Company of Canada, filed September 13, 2002;

9. Amended Statement of Defence of Chubb Insurance Company of Canada, filed November 5, 2002;

10. Reply and Joinder of Issue by the Plaintiffs, filed November 5, 2002;

11. Notice of Motion, filed by Ingosstrakh Insurance Company Ltd., filed June 27, 2004;

12. Affidavit No. 1, sworn by Peter Solomon, filed on June 28, 2004;

13. Affidavit No. 2, sworn by Peter Solomon, filed on June 28, 2004; and

14. Affidavit of Igor Leonidovich Petrukhin, filed on June 28, 2004.

## Division 2
## Examination for Discovery

*Officers or employees of corporation*

**200(1)** Before trial, a party to proceedings may orally examine under oath, without an order of the Court,

    (a) any other party to the proceedings who is adverse in interest,

    (b) if the other adverse party is a corporation, one or more officers of the corporation, and

    (c) one or more other persons who

        (i) are or were employed by the other party, and

        (ii) have or appear to have knowledge of a matter raised in the pleadings that was acquired by virtue of that employment.

**(1.1)** Subrule (1) applies whether the person sought to be examined is inside or outside the jurisdiction of the Court.

**(1.2)** During the oral examination under subrule (1), a person is required to answer only relevant and material questions.

**(2)** The court may on application limit the number of employees, or former employees, of any party who may be examined and may set aside any appointment for the examination of any employee which it regards as unnecessary, improper or vexatious.

**(3)** The costs of examining more than one employee shall, unless the court otherwise orders, be borne by the party examining.

**(4)** In these Rules an auditor who is or has been engaged by a party shall be deemed to be an employee employed by the party, but an auditor engaged solely for the purposes of the action shall not be deemed to be an employee in respect of that engagement.

**(5)** Where the examination of a person who is a resident outside of Alberta is required, the court may order the issue of a commission for the examination of the person.

AR 390/68 s200;160/93;166/94;172/99

EXHIBIT "3"

**Affidavit of records must be filed**

187(1)  Every party to proceedings must, in accordance with this Rule, file and serve on all other parties an affidavit of records, unless the Court grants an order under Rule 188.1 permitting a late filing or service of the affidavit.

(2)  A third party and a party served under Rule 69 who has filed a statement of defence must, within 90 days of that filing, file and serve on all other parties an affidavit of records, unless the Court grants an order under Rule 188.1 permitting a late filing of the affidavit.

(3)  A person for whose benefit an action is prosecuted or defended, or the assignor of a chose in action upon which the action is brought, is to be considered as a party to the proceedings for the purposes of discovery of records.

(4)  Rule 548 does not apply to a time limit specified in this Rule.

(5)  The time limit for filing and serving an affidavit of records in divorce, parentage and maintenance, matrimonial property and domestic relations actions is

    (a)  90 days after a written notice is served by a party on the other party or parties requiring that this Rule be complied with,

    (b)  in the case of the party serving the notice, within 90 days after

service of that notice, or service of the first notice if more than one party is served, or

    (c) if no written notice is served under clause (a), before the later of

        (i) the filing of a Certificate of Readiness, or

        (ii) 90 days before the trial date.

**(6)** The time limit for filing and serving an affidavit of records in actions other than divorce, parentage and maintenance, matrimonial property and domestic relations actions is

    (a) for the plaintiff, within 90 days of service of the first statement of defence and within 90 days of service of any subsequent statement of defence that raises new issues, and

    (b) for each defendant, within 90 days of service of the statement of defence by that defendant.

**(7)** Despite anything in this Rule, the Court may, on application, order a party to provide any further information to any other party that the Court may direct.

**(8)** Subject to subrule (9), this Rule applies to an action in respect of which a defence is served on or after November 1, 1999.

**(9)** A party to an action in respect of which a statement of defence was served before November 1, 1999 may serve a notice on the other parties requiring that this Rule be complied with by every party to the proceeding within 90 days after the notice is served and

    (a) the parties served must comply with the notice, and

    (b) the party serving the notice must also comply with the notice within 90 days after service of the notice or the service of the first notice if more then one party is served.

                                                    AR 172/99 s3;68/2000;109/2001

EXHIBIT "4"

# PART 13

## Division 1
## Discovery of Records

*Definition of record*

**186** In this Part, "record" includes the physical representation or record of any information, data or other thing that is or is capable of being represented or reproduced visually or by sound, or both.

AR 390/68 s186;172/99

EXHIBIT "5"

**When a record or question is relevant and material**

     186.1 For the purpose of this Part, a question or record is relevant and material only if the answer to the question, or if the record, could reasonably be expected

        (a) to significantly help determine one or more of the issues raised in the pleadings, or

        (b) to ascertain evidence that could reasonably be expected to significantly help determine one or more of the issues raised in the pleadings.

                            (Alta. Reg. 277/95; 172/99)

*Rule 186.1 – When a record or question is relevant and material*

1. What Is a Record?

For the purposes of the rule, a "record" is that portion of a physical item which is relevant.

... the relevant portions of what might physically be called a document. If part only of a page is relevant then that is the document that must be disclosed in the affidavit. As stated in Williston and Rolls, Law of Civil Procedure, at p. 898:

> "If only part of a document is relevant, the proper course is either to disclose only the relevant part or to disclose the whole document with a claim to seal up the irrelevant part, or the part which is not material may be covered up during the inspection."

In my opinion this is a correct statement of the law. *Lazin v. Ciba-Geigy Canada Ltd.*, [1976] 3 W.W.R. 460 (Alta. C.A.), at 463.

## 2. One Must Produce "Relevant" Records

The essence of the following statement of Master Funduk now applies to R. 186.1:

> The sole criterion for discovering documents is that set out in R. 186(2). Any document which "relates to any matter or question in the action" *must* be discovered. A party cannot refuse to discover a document on the ground it is not producible, for whatever reason. *Re/Max Real Estate (Edmonton) Ltd. v. Border Credit Union Ltd.* (1988), 60 Alta. L.R. (2d) 356 (Master), at 359.

In *Liu v. West Edmonton Mall Property Inc.* (2000), 279 A.R. 305 (Q.B.), Madam Justice Johnstone considered the implications of Rule 186.1 which sets out when a question or a record is "relevant and material". At p. 310-311, she said:

> This is a new rule which came into force in 1999 and was designed to reduce the scope of relevance: W.A. Stevenson and J.E. Côté, *Alberta Civil Procedure Handbook 2001*, at p. 148 (Edmonton: Juriliber, 2001). . . .
>
> . . . Although the application of Rule 186.1 turns on the facts of each case, it is helpful to review some of the jurisprudence that has defined the term "relevant and material" for the purposes of rule 186.1.
>
> What is relevant and material is dependent on the scope of the pleadings: *Anderson Preece & Associates Inc. v. Dominium Appraisal Group Inc. et al.*, [2000] A.J. No. 459; 264 A.R. 177 (Q.B.). Further, in *D'Elia v. Dansereau*, [2000] A.J. No. 731; 267 A.R. 157 (Q.B.), Perras J., considered rule 186.1 in the context of oral discovery. He found that any analysis to determine the propriety of disputed questions on oral discovery must start with an examination of the pleadings. The pleadings give meaning to what is relevant and material for purposes of discoverability.
>
> Other guidelines that have been suggested to give some definable scope to rule 186.1 are:
>
> 1. Conjecture is not sufficient to permit discovery of documents: *Franco v. Hackett*, [2000] A.J. No. 415; 262 A.R. 157 (Q.B. Master);
>
> 2. The current terms of "relevant" and "material" substantially reduce the scope of this Rule from the prior Rule which was very broad and all encompassing. It permitted discoverability if the documents "touched the

Case 1:04-mc-00281-CKK   Document 19-2   Filed 04/02/05   Page 13 of 14

> matters in question" and fell within the bounds of reasonableness: *D'Elia, supra,* at para. 16.
>
> As Master Funduk aptly stated in *Franco, supra,* the new terms of "relevance" and "materiality" eliminate the old fishing expeditions. "There is no fishing without first evidence that there are fish in the pond and a reasonable amount of fish" (at para. 34). This is the test that must be satisfied to allow records to be discoverable.
>
> It is important to note that when considering the scope of discoverable documents, if the prejudice which may flow from such evidence attained through the discovery process is greater than any weight which might be attributed to it, it should not be introduced: *Plawiuk v. Canada Safeway Ltd.*(1990), 115 A.R. 214 (Q.B. Master). Although I appreciate this case was decided under the prior Rule, the principle remains the same. This is especially so considering this ruling was made under an even broader procedural authority.

One should read her Ladyship's comments in light of the Court of Appeal's judgment in *Hepworth v. Canadian Equestrian Federation* (2000), 277 A.R. 138 (C.A.) (See the annotation "Relevant and material questions" under Rule 200).

EXHIBIT "6"

**Production of document**

**209(1)** On application, the Court may, with or without conditions, direct the production of a record at a date, time and place specified when

    (a)  the record is in the possession, custody or power of a person who is not a party to the action,

    (b)  a party to the action has reason to believe that the record is relevant and material, and

    (c)  the person in possession, custody or power of the record might be compelled to produce it at the trial.

**(1.1)** The Court may also give directions respecting the preparation of a certified copy of the record, which may be used for all appropriate purposes in place of the original.

**(2)** A person producing a record is entitled to receive such conduct money as the person would receive if examined for discovery.

**(3)** The costs of the application shall in the first instance be borne by the party making the application but if it thereafter appears to the Court that by reason of the production there has been a saving of expense the Court may award the whole or part of the costs to the party making the application.

AR 390/68 s209;172/99