Daryl A. Libow
Joseph J. Reilly
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Suite 800
Washington, D.C. 20006
(202) 956-7500


Attorneys for Non-Party BP America Inc.


UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA


|  |  |
|---|---|
| NOREX PETROLEUM, LIMITED )<br><br>                         Petitioner, )<br>          v.                    )<br><br>CHUBB INSURANCE CO. OF )<br>CANADA, et al.            )<br><br>                        Respondents. )<br> | Case No.  1:04-mc-00281-CKK<br>     (U.S.D.C. for the District of Columbia)<br><br>          For:<br><br>Case No. 0201 11097<br>     (Court of Queen's Bench of Alberta,<br>     Judicial District of Calgary, Canada) |


### OBJECTIONS OF NON-PARTY BP AMERICA INC. TO PETITIONER'S SUBPOENA DUCES TECUM ISSUED PURSUANT TO 28 U.S.C. 1782(a)

Over three months ago, Petitioner, Norex Petroleum Limited, the plaintiff

in the above-referenced Canadian lawsuit, petitioned this Court for an order commanding

non-party BP America Inc. ("BP America") to produce documents pursuant to 28 U.S.C.

§ 1782, which "authorizes, *but does not require*, a federal district court to provide judicial

assistance to" litigants in foreign proceedings. *Intel Corp.* v. *Advanced Micro Devices,*

124 S. Ct. 2466, 2473 (2004) (emphasis added). Contrary to fundamental principles of due process, Petitioner provided no notice of its petition to BP America (or to any of the other entities from which Petitioner is seeking documents), in spite of the fact that a U.S. court recently denied Petitioner access to many of the same documents in a U.S. lawsuit brought by Petitioner — a fact apparently undisclosed to this Court. Several weeks ago, BP America, still without notice of the petition, received a subpoena issued in response to the petition (the "Subpoena").

By its undersigned attorneys, BP America hereby objects to the Subpoena pursuant Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, which applies to this matter by the terms of 28 U.S.C. § 1782. The Subpoena commands BP America to produce and permit inspection and copying of the documents referenced in Exhibit A (the "Document Requests"). The Subpoena originally called for written objections on September 7, 2004. By agreement between Petitioner and BP America, this deadline was extended to September 17, 2004.[1]

As the objections below make clear, judicial enforcement of this Subpoena would not be an appropriate exercise of this Court's discretion under Section 1782 because, *inter alia*, Petitioner is seeking to require BP America, *not a party to any relevant litigation*, to produce documents for a Canadian lawsuit that a federal court in New York has previously ruled need not be produced and (if Petitioner is proposing that

---

[1]    The object of the subpoena is actually "BP-Amoco Corp.," an entity that no longer exists. These written objections assume that Petitioner intended to serve BP America, but BP America hereby lodges an objection to the Subpoena on the ground that it was improperly served.

-2-

BP America obtain documents from its overseas affiliates) that are mainly located in the United Kingdom, Russia and other locations outside the United States. BP America has, nonetheless, directed its employees to ensure that the documents requested by the Subpoena are properly preserved and, on a voluntary basis, its ultimate parent, BP p.l.c., a U.K. company, has directed employees of BP America's overseas affiliates to do the same.

<u>GENERAL OBJECTIONS</u>

BP America sets forth below its General Objections to the Document Requests, including the Subpoena's general request for "[a]ll documents which related [sic – relate] to allegations that TNK engaged in corruption and bribery of government officials in the Nizhnivartovsk region of Russia and Russia generally":[2]

1.      As a threshold procedural matter, BP America objects to Petitioner's failure to provide notice of the Section 1782 petition that it filed with this Court over three months ago, on May 27, 2004. BP America was entirely unaware of Petitioner's interest in its documents for use in the Canadian lawsuit until BP America received the Subpoena dated August 24.

In the view of Professor Hans Smit, "the dominant drafter of, and commentator on" Section 1782, *in re Letter of Request from the Crown Prosecution*

---

[2]      The Subpoena provides that this general request describes documents "including, but not limited to" the documents described in the Subpoena's 11 specific requests. Nonetheless, in the next section of these written objections, BP will identify the 11 specific requests and lodge appropriate specific objections to them.

*Service of the United Kingdom*, 870 F.2d 686, 689 (D.C. Cir. 1989), the filing of a

Section 1782 petition without notice to "the person who is to produce the evidence" is a

"constitutional error." Hans Smit, *American Assistance to Litigation in Foreign and*

*International Tribunals: Section 1782 of Title 28 of the U.S.C. Revisited*, 25 Syracuse J.

Int'l L. & Com. 1, 16 (1998). According to Professor Smit, the error requires this Court

to "consider assessing costs and attorney's fees against the party that made the original

application." *Id.* BP America believes that at a minimum, the parties adverse to

Petitioner in the Canadian lawsuit should be allowed to reconsider their position on the

petition in light of BP America's objections thereto in the event that Petitioner moves to

compel compliance with the Subpoena.

Indeed, when it purported to serve BP America with the Subpoena,

Petitioner did not even serve the Section 1782 petition on BP America. Nor did

Petitioner indicate in any way that the petition existed or had been ruled upon. Moreover,

the Subpoena does not even reference Section 1782; it is a bare "Subpoena in a Civil

Case," and provides none of the background on the Canadian lawsuit and the other

pertinent detail that is found in the petition and its exhibits. Nor did Petitioner provide

notice of the relevant order of this Court. Counsel for BP America learned of the

petition's existence only by making inquiries to other parties and had to obtain both the

petition and this Court's order via a download from the Web site for Public Access to

Court Electronic Records.

        2.     BP America objects to the Document Requests on the ground that

they are overly broad because they seek information that, according to BP America's

current understanding of the Canadian lawsuit, would not be relevant to the merits of the Canadian lawsuit.

3.    BP America objects to the Document Requests on the ground that as many of the documents requested in the Subpoena do not appear directly related to the allegations in the underlying Canadian lawsuit, Petitioner may seek to use the requested documents for purposes other than litigating the Canadian lawsuit. As indicated above, the U.S. District Court for the Southern District of New York recently denied Petitioner access to many of the same documents it now seeks in a lawsuit brought by Petitioner in that court against various Russian defendants. *See Norex Petroleum* v. *Access Industries, et al.*, No. 02 Civ 1499 (LTS)(KN) (S.D.N.Y.). The *Access Industries* court ordered that BP America, a third party, need not produce *any* documents while the court considered motions by the defendants for dismissal on various jurisdictional grounds. (Without conceding the documents' relevance, BP America nonetheless agreed to preserve documents sought by Petitioner in *Access Industries* and continues to preserve those materials.) The court subsequently did dismiss the *Access Industries* case in its entirety on *forum non conveniens* grounds, and an appeal is pending.

4.    BP America objects to the Document Requests on the ground that, based on what it has been able to learn to date, before proceeding to the merits of the Canadian lawsuit, the Canadian court — like the U.S. court identified above — may dismiss the lawsuit on jurisdictional grounds to which *none* of the Document Requests relate. Therefore, in this case as well, BP America's voluntary preservation of relevant documents at this stage should be more than sufficient.

5.     BP America objects to the Document Requests to the extent that they are intended to require a non-party to the relevant litigation to produce documents that are located in the United Kingdom, Russia and other locations outside of the United States. As such, Petitioner's Document Requests would seek to use a U.S. law to interfere with the sovereign rights of the United Kingdom and other countries to govern the outcome of requests for judicial assistance from Canada.

6.     BP America objects to the Document Requests to the extent that they are intended to require BP America, a U.S. company, to produce documents held outside the United States by entities that are legally separate from BP America.

7.     BP America objects to the Document Requests to the extent that they would require production of documents that are protected by the attorney-client privilege or work product doctrine.

8.     BP America objects to the Document Requests to the extent that they would require production of confidential commercial information.

9.     BP America objects to the Document Requests on the ground that they are unduly burdensome and overly broad in that they do not identify a date before which documents may be deemed non-responsive.

10.     BP America objects to the Document Requests on the ground that their use of the term "corruption" in the phrase "corruption and bribery" is vague.

11.     BP America objects to Instruction A in the Subpoena on the ground that it is unduly burdensome, overly broad and seeks to impose on BP America

obligations that are not imposed by the Federal Rules of Civil Procedure and Section 1782.

12.    BP America objects to Instruction D in the Subpoena on the ground that it is unduly burdensome, overly broad and seeks to impose on BP America obligations that are not imposed by the Federal Rules of Civil Procedure and Section 1782.

13.    BP America objects to Instruction E in the Subpoena on the ground that it is unduly burdensome and seeks to impose on BP America obligations that are not imposed by the Federal Rules of Civil Procedure and Section 1782. It would be impractical — indeed, impossible — for BP America to catalog all potentially responsive documents that have been destroyed, lost, discarded or otherwise disposed of.

14.    BP America objects to the definition of "document" and "documents" in the Subpoena on the ground that the definition is so broad that an effort to locate all "documents" potentially responsive to the Document Requests (or any subset thereof) would be unduly burdensome.

15.    BP America objects to the definition of "[y]ou," "[y]our" and "BP-Amoco" on the grounds that it is unduly burdensome, overly broad and seeks to impose on BP America obligations that are not imposed by the Federal Rules of Civil Procedure and Section 1782.

16.    BP America objects to the definition of "referring" and "relating" on the grounds that to the extent it would require production of documents that refer or relate to issues "directly *or indirectly*," it is vague, overly broad and unduly burdensome.

## OBJECTIONS TO SPECIFIC DOCUMENT REQUESTS[3]

### Document Request No. 1

All documents related to any bribes which TNK has paid to Russian government officials.

### Objections to Document Request No. 1:

Based on the General Objections, BP America will not produce documents in response to Request No. 1.

### Document Request No. 2

All documents related to allegations that TNK corrupted court proceedings concerning the Chernogorneft Oil Company.

### Objections to Document Request No. 2:

Based on the General Objections, BP America will not produce documents in response to Request No. 2.

### Document Request No. 3

All documents submitted to the Export-Import Bank related to allegations that TNK engaged in corruption and bribery in the Nizhnivartovsk region of Russia and Russia generally.

---

[3]    As noted above, the Subpoena states that each of the following 11 specific requests are modified by the Subpoena's general request for "[a]ll documents which related [sic – relate] to allegations that TNK engaged in corruption and bribery of government officials in the Nizhnivartovsk region of Russia and Russia generally, *including, but not limited to*" documents described by the 11 specific requests.

<u>Objections to Document Request No. 3</u>:

Based on the General Objections, BP America will not produce documents in response to Request No. 3.

<u>Document Request No. 4</u>

All documents submitted to the U.S. Department of State related to allegations that TNK engaged in corruption and bribery in the Nizhnivartovsk region of Russia and Russia generally.

<u>Objections to Document Request No. 4</u>:

Based on the General Objections, BP America will not produce documents in response to Request No. 4.

<u>Document Request No. 5</u>

All documents submitted to the Central Intelligence Agency related to allegations that TNK engaged in corruption and bribery in the Nizhnivartovsk region of Russia and Russia generally.

<u>Objections to Document Request No. 5</u>:

Based on the General Objections, BP America will not produce documents in response to Request No. 5.

<u>Document Request No. 6</u>

All documents submitted to members of Congress related to allegations that TNK engaged in corruption and bribery in the Nizhnivartovsk region of Russia and Russia generally.

<u>Objections to Document Request No. 6</u>:

Based on the General Objections, BP America will not produce documents in response to Request No. 6.

<u>Document Request No. 7</u>

All documents submitted to the Russian government related to allegations that TNK engaged in corruption and bribery in the Nizhnivartovsk region of Russia and Russia generally.

<u>Objections to Document Request No. 7</u>:

Based on the General Objections, BP America will not produce documents in response to Request No. 7.

<u>Document Request No. 8</u>

All documents submitted to the British government related to allegations that TNK engaged in corruption and bribery in the Nizhnivartovsk region of Russia and Russia generally.

<u>Objections to Document Request No. 8</u>:

Based on the General Objections, BP America will not produce documents in response to Request No. 8.

<u>Document Request No. 9</u>

All documents evidencing the value of the Oilfield Equipment, including, but not limited, to documents evidencing the value placed on the Oilfield Equipment by BP-Amoco in regard to its purchase of assets of TNK and Yugraneft.

<u>Objections to Document Request No. 9</u>:

BP America objects to Request No. 9 on the ground that "Oilfield Equipment" is undefined and therefore vague.  To the extent this request is intended to incorporate the definition of "Oilfield Equipment" in the Complaint filed by Petitioner in the Canadian lawsuit, *see* Petitioner's Section 1782 petition, Exhibit A, that definition itself is vague.  Based on the General Objections and the foregoing specific objections, BP America will not produce documents in response to Request No. 9.

<u>Document Request No. 10</u>

All documents evidencing any insurance of the Oilfield Equipment from 2001 to date.

<u>Objections to Document Request No. 10</u>:

BP America objects to Request No. 10 on the ground that "Oilfield Equipment" is undefined and therefore vague.  To the extent this request is intended to incorporate the definition of "Oilfield Equipment" in the Canadian lawsuit, *see* Petitioner's Section 1782 petition, Exhibit A, that definition itself is vague.  Based on the General Objections and the foregoing specific objections, BP America will not produce documents in response to Request No. 10.

<u>Document Request No. 11</u>

All documents evidencing the ownership, location and use of the Oilfield Equipment from 2001 to date.

<u>Objections to Document Request No. 11</u>:

BP America objects to Request No. 11 on the ground that "Oilfield Equipment" is undefined and therefore vague.  To the extent this request is intended to incorporate the definition of "Oilfield Equipment" in the Canadian lawsuit, *see* Petitioner's Section 1782 petition, Exhibit A, that definition itself is vague.  Based on the General Objections and the foregoing specific objections, BP America will not produce documents in response to Request No. 11.

Dated:  September 17, 2004

_____
Daryl A. Libow
Joseph J. Reilly

SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Suite 800
Washington, DC  20006-5085


Attorneys for Non-Party
BP America Inc.

## CERTIFICATE OF SERVICE

I, Joseph J. Reilly, hereby certify that I have, this 17th day of September,

2004, caused the foregoing Objections of Non-Party BP America Inc. to Petitioner's

Subpoena Duces Tecum to be served by facsimile and express mail, postage prepaid,

upon:

Bruce Marks, Esq.
Marks & Sokolov, LLC
1835 Market Street, 28th Floor
Philadelphia, PA  19103
FAX:  (215) 569-8912

H.B. Madill, Q.C.
Brownlee LLP
Suite 2200, Commerce Place
10155 - 102 Street
Edmunton, AB Canada T5J 4GB
FAX:  (780) 424-3254

Robert Brown, Q.C.
Brownlee LLP
Suite 2200, Commerce Place
10155 - 102 Street
Edmunton, AB Canada T5J 4GB
FAX:  (780) 424-3254

Joseph J. Reilly