IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NOREX PETROLEUM LIMITED**<br><br>　　　　　　Petitioner,<br><br>v.<br><br>**CHUBB INSURANCE COMPANY OF CANADA**<br>　　et al<br><br>　　　　　　Respondents. | No.   1:04-MC-00281-CKK |

**NOREX PETROLEUM LIMITED'S
REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SANCTIONS
AND IN FURTHER SUPPORT OF NOREX'S CROSS-MOTION TO COMPEL
THE PRODUCTION OF ALL REMAINING RESPONSIVE DOCUMENTS**

**PRELIMINARY STATEMENT**

In its Reply Brief in support of its Motion for Reconsideration (and implicitly in opposition to Norex's Cross-Motion to Compel), BP America, Inc. audaciously admits that it has not even *begun* the "effort of actively searching for, collecting and reviewing documents" outside of the United States responsive to the March 9, 2005 ordering compelling their production, BP Reply Brief at 7, fn. 5, even though BP *knew* that Norex sought these documents for use at the April 14, 2005 deposition of Professor Solomon, which the Canadian court has permitted as set forth in the Declaration of Bruce S. Marks (Exhibit A).

BP's unfounded accusations that Judge Kay's thoroughly reasoned opinion reflects an "unprecedented and unwarranted" legal conclusion which would open up a "Pandora's Box" of discovery problems are without merit.   Further, BP's flaunting of the Court's order should not be tolerated; it should be appropriately sanctioned pursuant to Fed.R.Civ.P. 37.

**I.     REPLY ARGUMENT**

    **A.  BP Should Be Sanctioned For Its Willful Failure To Comply with the March 9, 2005 Order**

As previously explained, BP does not satisfy the four prong test to obtain a stay set forth in *Washington Metropolitan Area Transit Com. v. Holiday Tours, Inc.* 559 F.2d 841, 843 (D.C. Cir. 1977) because (1) BP has not made a "strong showing" that it is likely to prevail on its motion for reconsideration; (2) BP failed to detail any injury, let alone "irreparable" injury, that would befall it by the production of the documents; (3) Norex would be harmed by the stay as the requested documents are needed for the continued deposition of Professor Solomon, scheduled for April 14, 2005; and (4) the public interest per §1782 and *Intel* is the "efficient" assistance to participants before foreign tribunals.

BP now argues that Norex would not be harmed because Norex somehow delayed in seeking these documents, which BP now asserts that it will not produce in a timely manner in any regard.  This is nonsense.  Norex filed the petition on May 27, 2004 after the issues were joined in Canada.  Although Respondents filed no opposition, the petition remained undecided until August 20, 2004, when Norex filed its Motion for Immediate Consideration because the deposition of Professor Solomon was scheduled for September 14, 2004.  This Court granted the Petition on August 24, 2004 and Norex *immediately* served the subpoena on BP, which filed objections on September 17, 2004, effectively blocking production of the documents for use at the September 14, 2004 deposition.

Thereafter, Norex filed its motion to compel, bringing to the Court's attention that it would seek to use the documents at Professor Solomon's continued deposition, which was scheduled to be completed prior to March 31, 2005, but rescheduled to April 14, 2005 in the

2

hope that the BP documents would be made available.[1]   When the Court had not ruled by February 24, 2005, Norex filed a second Motion for Immediate Consideration, to which BP *consented*.  Judge Kay then ruled on March 9, 2005, mooting this second motion and leaving plenty of time for BP to produce the documents at issue (or, at a minimum, make a good faith effort to do so).

Instead, by its own admission, BP made no effort to comply with the disputed aspect of the March 9, 2005 order, choosing not even to begin the "effort of actively searching for, collecting and reviewing documents" outside of the United States.  BP Reply at 7, fn. 5.   Such willful, bad faith failure to comply with a Court order should not be tolerated.  *See, e.g., Weisberg v. Webster*, 749 F.2d 864, 873 (D.C. App. 1984) ("If a party fails to obey a discovery order, Rule 37(b) of the Federal Rules of Civil Procedure requires the court to assess expenses against that party, 'or the attorney advising him or both' the reasonable expenses of the party seeking discovery which were caused by the failure to obey."); *Savola v. Webster*, 644 F.2d 743, 746 (8th Cir. 1981) ("The judicial system cannot tolerate litigants who flagrantly refuse to comply with the orders of the court and who refuse to make discovery, for delay and evasion are added burdens on litigation, causing waste of judicial and legal time, are unfair to the litigants and offend the administration of justice") (internal quotations and citations omitted).

At a minimum, as sanctions, BP should be required to pay costs and attorney fees in the amount of $75,000 incurred by Norex in this discovery dispute as set forth in the Declaration of Bruce S. Marks, particularly because Norex has been prejudiced by not having these documents available for the April 14, 2004 deposition.  *See, e.g., Jankins v. TDC Corp.*, 21 F.3d 436, 444-

---

[1] BP's assertion that Ingosstrakh opposes the use of the documents at Professor Solomon's deposition was mooted by the Alberta Court's ruling granting Norex's request to use the documents at the April 12, 2005 discovery conference in the Canadian proceeding as set forth in Mr. Marks' Declaration.  In any case, Norex's need for the subpoenaed documents was not limited to the deposition of Professor Solomon, but goes both to opposing Ingosstrakh's *forum non conveniens* motion and proving the merits of Norex's liability and damages claims.

45 (D.C. Cir. 1994) (affirming $ 70,699.56 sanction of a defendant who asserted discovery objection despite a "lack of factual basis"); *United States ex rel. El-Amin v. George Washington Univ.*, 2001 U.S. Dist. LEXIS 23438 (D.D.C. 2001) (affirming award of costs and fees for discovery abuse).

A further punitive amount should be imposed if BP's tumacious conduct continues. *See Ssangyong Corp. v. Vida Shoes Int'l, Inc,* 2004 U.S. Dist. LEXIS 9101, at *37 (S.D. N.Y. May 19, 2004) (requiring non-complying third party "to pay plaintiffs $10,000 promptly on each business day when it is not in full compliance").

### B. *Intel* Has Plain Bearing on this Case

Contrary to BP's assertion, the approach of *Intel v. Advanced Micro Devices, Inc.*, 124 S.Ct. 2466, 2478 (2004) to the interpretation of 28 U.S.C. §1782 has plain bearing on the issue at hand. *Intel* flatly rejected BP's approach that "categorical limitations" be imposed on §1782's reach; as Justice Scalia stated, the "Court's disposition is required by the text of the statute. None of the limitations urged by petitioner finds support in the categorical language of 28 U.S.C. §1782(a)," *Intel* at 2484, and is consistent with the long established rule of statutory interpretation that "where, as here, the words of the statute are unambiguous, the judicial inquiry is complete." *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 93 (2003) (citations and internal quotations omitted).

Put simply, Congress could have, but didn't, limit §1782's application to documents located in the United States; instead, it provided that discovery take place pursuant to the Federal Rules of Civil Procedure of which Rule 45 provides that courts may compel the production of documents within the "possession, custody or control" of a third party which are located outside of the United States. It is therefore not surprising that no binding caselaw, let

4

alone any post-*Intel* caselaw, prescribes the application of §1782 to documents outside of the United States.

    **C. Judge Kay Did Not Abuse His Discretion in Finding that BP America Controls the Documents in the Possession of Its Parent and Affiliates**

Norex alleged that BP America controls the documents in the possession of its parent, BP plc, and its affiliates, as evidenced, *inter alia*, by their use during BP's lobbying campaign against TNK in the United States and BP America's statements that its parent and affiliates would preserve documents outside of the United States in response to the subpoena served in *Norex Petroleum Limited v. Access Industries et al.* (S.D. N.Y. 2002), as well as the subpoena served in the instant matter; not surprisingly, Judge Kay found "there is no dispute" that BP America is within the jurisdiction of this Court and has "possession, custody or control" of the requested documents.  Opinion at 6.   This finding should not be disturbed.[2]

Contrary to its assertion, BP America *never* denied that it controlled these documents or that its parent and affiliates would not provide them to BP America on demand; BP America merely denied possession or custody of the documents, sidestepping the "control" issue.   Even if BP could have submitted a declaration denying control within the constraints of Rule 11, which it did not and undoubtedly cannot, courts routinely find such self-serving statements incredible.  *Ssangyong Corp. v. Vida Shoes Int'l, Inc,* 2004 U.S. Dist. LEXIS 9101, at *13 (S.D. N.Y. May 19, 2004) ("With all due respect, I find this assertion [that Shanghai Commercial Bank

---

[2] Contrary to BP's argument, Norex need not prove BP America is the alter ego of BP plc or some wrongful motive. Rather, the "control" test governs. *E.g. Gerling Int'l Ins. Co. v. Commissioner*, 839 F.2d 131, 140 (3d Cir. 1988) ("Where the relationship is thus such that the agent-subsidiary can secure documents of the principal-parent to meet its own business needs and documents helpful for use in the litigation, the courts will not permit the agent-subsidiary to deny control for purposes of discovery by an opposing party"); *Kifle v. Parks & Hickory Ass'n*, 1998 U.S. Dist LEXIS 22250, at *3 (D.D.C. October 15, 1998) (Kollar-Kotelly, J) ("[a]s the federal courts have uniformly recognized, 'control is the test with regard to the production of documents [and] is defined not only as possession, but as the legal right to obtain the documents on demand'") *quoting Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984)); *Dietrich v. Bauer*, 2000 U.S. Dist. LEXIS 11729, at *7 (S.D.N.Y. Aug. 16, 2000) ) ("'Control' has been construed broadly by the courts as the legal right, authority, or practical ability to obtain the materials sought upon demand") (citations omitted).

did not control documents in possession of its affiliate] to be inconceivable, just as judges in similar cases have found similar assertions to be inconceivable") (*citing Cooper Industries, Inc. v. British Aerospace, 102 F.R.D. 918, 919-920(S.D. N.Y. 1984); Alcan International Ltd. v. S.A. Day Mfg. Co., Inc.*, 176 F.R.D. 75, 78 (W.D. N.Y. 1996)).

## II. CONCLUSION

For the foregoing reasons, Norex's cross-motion to compel production of all remaining responsive documents should be granted and BP should be sanctioned for its willful failure to comply with the March 9, 2005 Order by paying Norex's costs and attorney fees in the amount of $75,000 related to this discovery dispute with BP and further sanctions if its misconduct continues.

By: /s/ Bruce S. Marks
Bruce S. Marks, Esq.
Thomas Sullivan, Esq.
Gene M. Burd, Esq.
MARKS & SOKOLOV, LLC
1835 Market Street, 6th Floor
Philadelphia, PA 19103
215-569-8901

Attorneys for Petitioner
Dated: April 12, 2005                Norex Petroleum Limited