## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**NOREX PETROLEUM LIMITED**

                **Petitioner,**                **No.  1:04-MC-00281-CKK**

     **v.**

**CHUBB INSURANCE COMPANY OF
CANADA**
        **et al**

                **Respondents.**

### NOREX PETROLEUM LIMITED'S
### REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SANCTIONS

In opposition to the Motion for Sanctions of Norex Petroleum Limited ("Norex"), BP America, Inc. ("BP") again reverts to unsubstantiated attacks and distortions of the record. The instant motion is neither frivolous nor offensive as BP alleges. The simple truth is that BP has consciously refused to obey the Court's March 9, 2005 order compelling it to produce all documents responsive to Norex's subpoena, specifically those responsive documents outside of the United States. In fact, BP by its own admission, has chosen not to even begin the "effort of actively searching for, collecting and reviewing documents" located outside of the United States.

First, Norex's motion to compel on its face sought the production of these documents within 10 days so that the documents could be used at the April 14, 2005 deposition of Professor Solomon. The March 9 Order granted the motion and, further, denied BP's motion to quash. Thus, while there was no explicit date in the March 9 Order, by granting the Motion, it is plain that BP was required to produce the documents within this time frame, or, at a minimum, to make a good faith effort to do so. It has done neither.

Second, BP's production of documents within the United States is irrelevant to the wrongfulness of its continued refusal to produce documents located outside of the United States.[1] Filing a motion for reconsideration and requesting a stay does not excuse compliance with a court order. The Supreme Court has admonished recalcitrant litigants, making clear:

> [A]ll orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, *absent a stay, he must comply promptly with the order pending appeal. Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt* even if the order is ultimately ruled incorrect.

*Maness v. Meyers*, 419 U.S. 449, 458 (1975) (emphasis added). District courts routinely sanction persons who failed to comply with discovery orders while motions for reconsiderations were pending. *See, e.g., Marshall v. Americus-Sumter County Hosp. Auth.,* 2002 U.S. Dist. LEXIS 26821, at *13-14 (M.D. Ga. Nov. 22, 2002) (holding a party in contempt and awarding sanctions because "filing of the motion for reconsideration did not stay the enforcement or effect of [the order of the Court specifically compelling discovery]"); *Creative Solutions Group, Inc. v. Pentzer Corp.*, 199 F.R.D. 443, 444 (D. Mass. 2001) (awarding reasonable costs and attorney fees because "the defendant was under an obligation to obey the Order [compelling discovery] unless it *sought and obtained* a stay of that specific Order").

Third, while BP argues there was "doubt" about Norex's ability to use the documents at the deposition because of Ingosstrakh's opposition and the timing of Respondents' execution of the confidentiality agreement, all such doubts were dispelled by April 12, 2005, when the Canadian court denied Ingosstrakh's opposition and Respondents executed the confidentiality

---

[1] While BP asserts that it has produced all responsive documents located in the United States, Norex believes such may not be the case and is currently reviewing the production against documents generated by BP which were obtained from the government pursuant to a FOIA request.

agreement.   Norex was unable to use the documents at issue because BP did not produce them, not for any other reason.

Finally, Norex had great difficulty scheduling the April 14, 2005 deposition of Professor Solomon; plainly Norex and its counsel, Respondents and their counsel, Professor Solomon, and the Canadian court were not required to hold their schedules hostage to BP's failure to comply with the March 9 Order.   It would turn the law on its head to require persons who comply with court orders to adjust their schedules for the convenience of those who do not.

As set forth in Norex's motion, BP should be sanctioned for its willful failure to comply with the March 9, 2005 Order by paying Norex's costs and attorney fees in the amount of $75,000 related to this discovery dispute with BP and further sanctions if its misconduct continues.

By:     /s/ Bruce S. Marks
        Bruce S. Marks, Esq.
        Thomas Sullivan, Esq.
        Gene M. Burd, Esq.
        MARKS & SOKOLOV, LLC
        1835 Market Street
        6th Floor
        Philadelphia, PA 19103
        215-569-8901

        Attorneys for Petitioner
Dated: April 20, 2005          Norex Petroleum Limited

3