IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NOREX PETROLEUM LIMITED**<br><br>        Petitioner,<br><br>v.<br><br>**CHUBB INSURANCE COMPANY OF CANADA**<br>    et al<br><br>        **Respondents.** | No.   1:04-MC-00281-CKK |

**NOREX PETROLEUM LIMITED'S
RESPONSE TO BP AMERICA INC.'S MOTION TO PROVIDE
SUPPLEMENTAL AUTHORITY**

BP America Inc. has moved to provide "supplemental authority" in the form of Magistrate Judge Facciola's decision in *Banks v. Office of the Senate Sergeant-at-Arms and Doorkeeper,* 226 F.R.D. 113 (D. D.C. Feb. 16, 2005) in relation to BP's motion for a partial stay of Magistrate Judge Kay's March 9, 2005 order compelling production of documents and Norex's cross-motion for sanctions based on BP's willful failure to comply with the Order, which, BP, by its own admission, has not even begun the "effort of actively searching for, collecting and reviewing [responsive] documents" located outside of the United States.

Putting aside that *Banks* is not a "pertinent and significant" authority for the District Court, the decision is inapposite to the instant matter.  In *Banks*, Magistrate Judge Facciola declined to impose sanctions against a party who failed to comply with the court's discovery order and whose motion for stay pending reconsideration was not ruled upon.  Judge Facciola's rationale was that if "the motion to stay been addressed to me, I would have unquestionably

granted it. I always do. To force a party to comply with an order while seeking review of that order would be, in effect, to compel that party to abandon in advance that victory it might gain by reversal of the magistrate judge's order." *Banks* at 118.

The notion that a magistrate judge should "always" stay the effect of a discovery order when a motion for reconsideration or objections are filed, as Judge Facciola apparently does, runs counter to purposes of the Magistrate's Act. In *National Excess Insurance Co. v. Civerolo, et al,* 139 F.R.D. 401 (D. N.M 1991)*,* the district court upheld a contempt order entered against a party who had refused to comply with a magistrate judge's discovery order on the ground that Rule 72 objections to the order were pending. The court said:

> Discovery matters have been delegated to the magistrate judges in order to promote judicial efficiency and the speedy resolution of pre-trial disputes which might interfere with an orderly discovery process. Ill-considered "strategic" objections to a magistrate judge's orders threaten to undermine these goals and do a disservice to the parties, who presumably are themselves primarily interested in a speedy resolution of their disputes … The plaintiff willfully disobeyed an order made on behalf of this Court by the Magistrate Judge. It put the parties and the Court to extra expense. These tactics delayed the production of six discoverable documents for more than one and one half years--in defiance of two Magistrate Judge's orders. The contempt citation will stand.

*National Excess,* 139 F.R.D. at 404.

In *L.D. Williams v. Texaco, Inc.,* 165 B.R. 662, 673 (D.N.M. 1994), the district court held:

> Many jurisdictions' local rules mandate that objections do not stay a party's duty to comply with the discovery order. The rationale for such rules is sound: Such an interpretation is more consistent with the Magistrate's Act's goals of facilitating the quick and final resolution of referred pretrial matters. If an objection operates as a stay of the order, not only is the losing litigant given an artificial incentive to object, but the magistrate's decision-making ability is eroded. It should be remembered that the magistrate is empowered to "determine" nondispositive pretrial matters. A magistrate's order will not determine anything if it can be automatically stayed by filing an objection. Indeed, such an interpretation would essentially reduce the magistrate's order to the status of a recommendation where an objection is raised. 7(Part 2) James W. Moore et al., *Moore's Federal Practice* P 72.03[6.-12] at 72-53 to -54 (2d ed. 1991). This reasoning comports with the principle that a party is not

entitled to disobey court orders even if later proven erroneous. *McDonald v. Head Crim. Ct. Sup. Officer,* 850 F.2d 121, 124 (2d Cir. 1988).

*See also Litton Industries, Inc. v. Lehman Brothers Kuhn Loeb, Inc.,* 124 F.R.D. 75, 78-79 (S.D.N.Y. 1989) ("allowing the automatic stay of magistrate's orders [when objections are filed] would not only encourage the filing of frivolous appeals, but would grind the magistrate system to a halt") (internal citation omitted); *White v. Burr,* 200 F.R.D. 641, 643 (D. Colo. 2000) ("defendant's position here [that sanctions should not be imposed because objections were filed] has no basis in the Magistrate's Act, the Federal Rules of Civil Procedure, or the Local Rules of Practice for the District of Colorado").

Norex has been prejudiced because it was unable to use responsive documents located outside of the United States at the April, 2005 deposition of Professor Solomon. On May 5, 2005, a case management conference is scheduled before the Canadian court at which Norex is to set the date by which its experts will file reports on the adequacy of the Russian courts. Norex will continue to be prejudiced if these documents are not produced so that they can be considered by its experts.

In *Maness v. Meyers*, 419 U.S. 449, 458 (1975), the Supreme Court made clear:

> [A]ll orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal. Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect.

There is no "automatic exception" to the enforcement of the orders of magistrate judges, as BP wishfully seeks. BP is in willful contempt of the March 9 Order, having not even begun the "effort of actively searching for, collecting and reviewing [responsive] documents". It should be sanctioned.

3

                                By:    /s/ Bruce S. Marks  
                                           Bruce S. Marks, Esq.  
                                           MARKS & SOKOLOV, LLC  
                                           1835 Market Street  
                                           6th Floor  
                                           Philadelphia, PA 19103  
                                           215-569-8901  

                                           Attorneys for Petitioner  
Dated: May 3, 2005                       Norex Petroleum Limited

4

## CERTIFICATE OF SERVICE

I, Maria Temkin, hereby certify that a true and correct copy of the Petitioner Norex Petroleum Limited's Response to BP America Inc.'s Motion to Provide Supplemental Authority was served on May 3, 2005, via first class mail upon the following persons:

Gene J. Bodnar, Esquire
Macleod Dixon LLP
3700 Canterra Tower
400 Third Avenue SW
Calgary, Alberta
Canada T2P 4H2

J. Robert Black, Esquire
BROWNLEE, LLP
Suite 2200, Commerce Place
10155 – 102nd Street
Edmonton, Alberta
Canada T5J 4G8

Havelock B. Madill, Esquire
BROWNLEE, LLP
Suite 2200 Commerce Place
10155 – 102nd Street
Edmonton, AB, Canada T5J 3G8

Daryl A. Libow, Esquire
SULLIVAN & CROMWELL, LLP
1701 Pennsylvania Avenue, N.W.
Suite 800
Washington, DC 20006

CHUBB INSURANCE COMPANY OF CANADA
One Financial Place, 16th Floor,
1 Adelaide Street East,
Toronto, ON, M5C 2V9 Canada

INGOSSTRAKH INSURANCE COMPANY LTD,
12, Pjatnitskaja Street,
115998, Moscow, M-35 Russia

GREAT NORTHERN INSURANCE COMPANY
15 Mountain View Road
P.O. Box 1615
Warren, NJ 07061-1615 USA

MARKS & SOKOLOV, LLC

By: _____
Maria Temkin

Date: 5/3/05